ALBANY,
Feb. 1834.

Barnett
v.
Pardow.

------

BARNETT *vs.* PARDOW.

*Justification* of bail in error is *ex parte* by affidavit ; notice of time and place of justification need not be given.

PARDOW sued out a writ of error, returnable in this court, to February 6. reverse a judgment rendered in the superior court of the city of New-York against him, in favor of Barnett; filed the writ of error with a bond with sureties, according to the requirements of the statute, and gave notice of the filing of the same and of the names, &c. of the sureties. The defendant in error excepted to the sufficiency of the sureties, and gave notice of exception ; whereupon the plaintiff in error, within ten days after such notice, procured his sureties to make an affidavit that each of them was a householder, worth double the

amount of the penalty of the bond, and served a copy thereof on the defendant in error, with notice of the filing of the same. The defendant obtained an order from a commissioner, for the plaintiff to shew cause why the writ of error should not be superseded, and on the day of shewing cause, insisted that notice of the time and place of justification ought to have been given to the defendant, so that he might have attended by counsel and opposed the justification. The commissioner, after hearing counsel, denied the motion for a *supersedeas*. The defendant appealed to this court.

*C. O'Connor*, for the defendant, insisted that the *mode* of justifying bail in *error* is the same as in the *original action;* that it is not *ex parte*, but that counsel attend and oppose, he cited *Tidd's Pr.* 1087, 1088 ; 1 *Wils.* 213 ; 8 *T. R.* 639 ; 4 *Burr.* 2501 ; *Barnes,* 75 ; *Sheridan's Pr.* 581 ; *Impey's K. B.* 513, 514 ; *Burns' Pr.* 532 ; 1 *Archb.* 225, 249. He insisted that although the *revised statutes* on this subject, 2 *R. S.* 597, § 35, direct the service of a copy of the affidavit, and are silent as to notice of the time and place of justification, the law on the subject and the practice of the court is not changed, except that the service of the copy affidavit is superadded ; that revised codes must be construed to re-enact existing law, except where an intention to change the law is plainly manifested, 2 *Caine's Cas. in Er.* 151 ; 20 *Johns. R.* 722 ; that affirmative provisions in a statute do not generally change the common law on the same subject, except when directly repugnant to it, but are rather held to impose cumulative duties, or confer cumulative rights, *Comyn's Dig. tit. Parliament,* R. 23, 24.

*J. Anthon,* for the plaintiff in error. .

*By the Court,* SAVAGE, Ch. J. The revised statutes have changed the practice on this subject. The legislature have pointed out the mode in which the sureties shall justify : " within ten days after such notice of exception *the sureties shall justify by an affidavit* that each of them is a householder, worth double the amount," &c. If this requirement of the statute is complied with, nothing more can be asked ; and if complied

with, what benefit could result from the attendance of the defendant in error at the time and place of justification. Besides, if the defendant in error was to have notice of the time and place of justification, what use could there be in subsequently serving him with a copy of the affidavit? The justification in this case was in compliance with the statute, and notice was not necessary. The motion to supersede the writ of error is denied, but without costs.