STUDWELL *vs.* PALMER.

If the party in whose favor an interlocutory decision of a vice chancellor is made wishes to limit the time for appealing, he should have the order entered, and give notice thereof to the adverse party without delay; as the latter has fifteen days, after the receipt of notice of such order, to appeal from the decision.

It is no objection to the validity of an appeal bond, that one of the sureties therein is the solicitor of the appellant.

THIS was a motion to dismiss an appeal, from an interlocu- January 20. tory order of a vice chancellor, for irregularity. The order appealed from was entered on the 28th of October, 1834, but was never served on the solicitor of the appellant; and he saw a copy of the order, for the first time, on the 8th of November. The appeal bond, with a notice of the appeal, was sent to the clerk, to be approved and filed, within two days thereafter; but the bond having inadvertently been drawn with a penalty of $100 only, the same was returned for correction, and was not filed until the 20th of November. Another objection to the regularity of the appeal was, that the appeal bond was executed by the solicitor for the appellant, as one of the sureties therein.

*J. Rhoades,* for the appellant.

*D. Wright,* for the respondent.

THE CHANCELLOR. The appeal was entered within the time limited by the statute. The parties against whom the order was made had fifteen days to appeal, after the receipt of notice of the order appealed from. And as the order was never served upon the defendants, or their solicitor, they are not chargeable with notice thereof until the 8th of November, when their solicitor first saw the order. This point was expressly decided in the recent case of *Eldridge* v. *Howell,* (4 *Paige's Rep.* 457.) If the party in whose favor an interlocutory decision is made, wishes to limit the time for appealing

therefrom, he should draw up and enter the order, and serve a copy thereof upon the solicitor of the adverse party without delay.

It is not a valid objection to the regularity of the appeal, that one of the sureties in the appeal bond is the solicitor for the appellants. In the common law courts, where formal exceptions are taken to the sufficiency of bail, it is a good ground of exception that one of the proposed bail is an attorney or counsellor of the court. But the case of *Scott* v. *Craig*, (1 *Wend. Rep.* 35,) cited by the respondent's counsel from the decisions of the supreme court, shows that even in that court it is not a ground for quashing a writ of error, that one of the bail in error is an attorney. The rule in the common law courts is merely technical ; and neither the statute or the rules of this court contain any prohibition against a solicitor's becoming a surety in an appeal bond. It would, therefore, be manifestly unjust to apply such a technical rule to this case, for the purpose of depriving the defendants of the benefit of their appeal.

The motion to dismiss the appeal must be denied, with costs.