### C. & C. H. SIGOURNEY vs. WADDLE & BUTLER.

It seems that the statute rendering the attorney of a non-resident plaintiff liable for the defendant's costs to the extent of $100, does not apply to solicitors of the court of chancery in suits commenced there. But a similar liability is incurred by a solicitor, in suits in the court of chancery, under the provisions of the 16th rule of that court.

The extent of the liability of the complainants' solicitor, to all the defendants in the suit, under the provisions of the 16th rule of the court of chancery, cannot exceed $100. And it seems that where a non resident complainant appeals, his solicitor is not liable, under that rule, for the defendant's costs on the appeal.

The complainant is personally liable to the defendants for their costs, in cases in which the solicitor is also liable under the provisions of the 16th rule of the court of chancery. And it is not proper to make it a part of the decree in the suit that the solicitor shall pay any part of the defendants' costs.

The proper course is to decree a payment of the costs by the complainant, as the remedy against the solicitor is by a summary proceeding to enforce his liability under the rule of the court.

APPLICATIONS were made in behalf of each of the defendants in this cause, they having appealed by separate solicitors, for orders to compel the solicitor of the complainants to pay the costs of two interlocutory applications, theretofore made by the complainants, for the retaxation of the costs of the defendants respectively on the appeal to the chancellor. The complainants were non-residents of the state, and the bill was filed before the vice chancellor of the first circuit, without any security for costs having been given. Upon the hearing of the cause before the assistant vice chancellor, the complainants' bill was dismissed with costs as to each defendant. It was also made a part of that decree that the complainants' solicitor should be personally liable for $100 of the costs of the defendant Butler, and that that defendant have execution against the complainants for the residue thereof. But the costs of the other defen-

dant were directed to be offset against the judgment which the complainants held against him. An application was afterwards made to the vice chancellor to open this decree, which had been taken by default against the complainants, but the motion was denied. The appeal to the chancellor was from the order denying that motion ; which order was affirmed on appeal. And the solicitor for the complainants subsequently paid to the solicitors for the respondents $52,50, for their taxed costs on the appeal.

*C. Stevens,* for the defendants.

*C. M. Jenkins,* for the complainants' solicitor.

THE CHANCELLOR. The statute making the attorney of the plaintiff liable for the costs of the defendant, to an amount not exceeding $100, where he commences a suit in which the defendant is entitled to security, without filing the requisite bond, does not appear to extend to solicitors in chancery, in suits commenced here. (2 *R. S.* 621, § 7, 8.) A similar liability, however, is incurred by a solicitor, in this court, under the provisions of the 16th rule. But the extent of the liability of the solicitor, under that rule, to all the defendants, can never exceed one hundred dollars. If the defendants are not satisfied with that, they should apply, before they have incurred heavy expenses in defending the suit, and obtain an order that the complainants give security in the usual form. I am inclined to think, however, that the liability of the solicitor, under the 16th rule, ought not in any case to be extended to the costs of the appellant on an appeal. For by the statute and the rules of the court, the party appealing is, in all cases, required to give security for the respondent's costs on the appeal, before the appeal can be perfected.

It was certainly erroneous to make it a part of the decree that the solicitor should be first charged with the costs of the defendant, to the extent of $100, and that the complainants should only be liable to execution for the residue.

For the complainants themselves are primarily liable for the costs ; and their solicitors should only be resorted to when the defendants are unable to collect their costs from the complainants. Nor should it in any case be made a part of the decree that the solicitor pay the costs, even where his client has no property within the reach of the process of the court. For the solicitor cannot properly be charged except by summary proceedings against him, to enforce his liability under the rule. But a decree having actually been made by the court below, against the solicitor for the payment of costs, and subjecting his property to execution for the whole amount of the $100 which he could in any event be made liable for under the rule, he should not have been subjected to the expense of opposing these applications, to charge him for the further costs arising out of the proceedings upon the appeal.

The motion on the part of each defendant must therefore be denied, with $12 costs, to be paid by such defendants respectively, to Watson the solicitor.