The Vice-Chancellor.
In the case of Smith, the defen *437 dant was regular in petitioning for security. His appearing in the suit, opposing the appointment of a receiver, and demurring to the bill, do not prevent him from enforcing his right under the statute. He is mistaken, however, in supposing that the surety, being the solicitor for the complainant, furnished a ground, of exception. The rule as to bail in the courts of law, has never been adopted in this court in respect of security required by statute. In Studwell v. Palmer, 5 Paige, 57, this was so held by the chancellor, upon an appeal bond. Nor is it necessary that there should be two sureties, where the bond is not executed by the complainant. The statute is express, that it may be given with one surety, and from the nature of the case, it is not expected that the complainant will join in its execution. It is because he is not a resident, that the security is required. Upon the bond being given in Smith’s suit, and the affidavit of justification served, the defendant should have countermanded his motion; and if it were not that the point raised has never been decided, I should feel bound to charge him with costs.
In the other three suits, there was no excuse for moving at all. On receiving notice of the filing of the bonds, the defendant should have excepted, if he were dissatisfied and waited the result. He was not warranted in petitioning, until the end of the twenty days allowed for the justification of the surety:
The motions in all the cases must be denied, without costs in-Smith’s suit, and with $20 costs in the aggregate in the other three suits. One order will suffice, entitled in all the causes.