By the Court—Woodruff, J.
We are of opinion that the order appealed from should be affirmed, upon the grounds stated as reasons for the decision given by the Justice by whom the order was made. (2 Bosw., 709.)
We, therefore, think it unnecessary to enter into an extended discussion of the point decided.
It will be sufficient to notice some of the cases which were urged on our attention on the argument of the appeal.
Neither is it important to inquire into the antiquity of the rule which prohibited attorneys from becoming bail; but so early as in Michaelmas term, 1654’ it was ordered in the Court of King’s Bench, in England, that no attorney be bail in that Court, and a similar rule is found among the rules of the Common Pleas of the same term. (Hawkins v. Magnall, Doug., 466, and notes.) What was then declared by the rules of Court, has continued to be the practice of the courts in England to the present time. Whether this practice be described as “ nearly three hundred years old,” or as over two hundred years old, can hardly be worthy the importance given to that inquiry on the argument; nor is there anything in the books to indicate decisively whether the practice then had its origin, or was at that time reenacted in the body of rules then promulgated. Its being found in the rules of that term is not conclusive on that point; for it appears by the report of Laing v. Cúndale, and the note thereto, (1 H. Bl., 76,) and by Bolland v. Pritchard, (2 Wm. Bl., 799,) that in 1733, (6 Geo., 2,) the rule was again promulgated in the Common Pleas, and by Boulogne v. Vautrin, (Cowp., 828,) that in 1741 (14 Geo., 2,) the same rule was again promulgated in the Court of Bang’s Bench. (See Tidd’s Pr., title “Special Bail;” George v. Barnsley, 1 Chitty’s R., 8; 1 Taunt. R., 164, 165.)
It is not denied that the same rule of practice was declared in this State in Coster v. Watson. (15 J. R., 535.) The language imputed to the Court in the report of that case, referring to the rule prevailing in the Courts of King’s Bench and Common Pleas, in England, approving of the rule, and adding, “ we therefore adopt it,” is supposed to indicate that the rule had not before existed in this State; but the Court, in Satterlee v. Satterlee, (8 J. R., 327,) in reference to another point of practice, state that the practice of the Court of King’s Bench in England, is the practice *635 of the Supreme Court in those cases in which a different practice has not been established. Not only so, in Coster v. Watson, if such was not already the binding practice in this State, the bail put in was regular, and no attachment against the Sheriff could have issued for want of compliance with a rule to bring in the body for want of bail; and yet the motion for an attachment was granted. The Court would not adopt a new rule and at the same time regard a previous proceeding as irregular because it did not conform to it. The Court must be deemed to have recognized the existence of the rule, approved of it and declared its binding force, and not to have then announced it as a future guide. Nor was it then promulgated as a rule of Court; it was decided to be the rule of practice, and the case itself is a decision and not" an enactment. So the subject was treated in Bailey v. Warden, (20 J. R., 129,) where the decision reported is, “We have decided that an attorney is not good bail if excepted to, and for the same reason we think a Sheriff ought not to become bail; and such is the rule of the English Courts.” The Court, therefore, granted a motion to set aside a justification.
Although some cases are referred to in this State which are supposed to show that under our present statutes the objection cannot now be urged, it is pertinent' to observe that no case can be found in which it is held that an attorney, if excepted to, will be held sufficient as special bail. The Revised Statutes contain no enactment inconsistent with the previous practice. Unless, therefore, the Code of Procedure (first enacted in 1848) contains in its declaration of the qualifications of bail language which should be held to abrogate the rule, it is still in force, for by the 469th section of the Code, it is only the rules and practice of the Courts which are inconsistent with the Code which are abrogated.
The Code in prescribing the qualifications of bail have simply set down in terms what were already, by long practice and constant decision of the Courts, the requisites to constitute good bail. On this subject the Code simply embodied in the form of enactment what was already long settled. The provisions form part of a system, collected, digested, and in very many particulars largely altered and improved, but in this left unaltered. In our judgment there is no warrant for saying that the Legislature intended to change the qualifications, or affect the competency *636 of bail in any particular. He must still be competent to enter into a valid binding contract of this description, and be amenable to the ordinary process of our courts of justice; this we think is not doubted.
It is insisted, however, that, inasmuch as the former settled practice has been embodied in the Code in the form of statutory enactment, the courts have now no power to recognize as exceptions those cases which were, by that practice, clear exceptions.
We have no hesitation in saying that the qualifications prescribed in the Code are to be understood as they were before the statute was enacted, viz., persons otherwise competent shall' be received as bail if they reside in the State, are housekeepers or freeholders, and are worth the requisite amount. In this there is no inconsistency with the provisions referred to.
Before considering the cases in this State which are supposed to sustain the defendant’s claim herein, it is proper to observe that because, under the settled practice already stated, attorneys are not sufficient bail, it does not follow that, therefore, when they are put in the bail piece as bail, the putting in of such bail can be treated as a nullity. If excepted to they would be rejected, but if not, then for many purposes they would be regarded as bail to the action. And this consideration will, we think, serve to show what is to be deemed the true force and meaning of whatever in those cases is supposed to be inconsistent with the views we entertain.
Thus in Thomson v. Roubell, (cited in note to Doug. R., 466,) an attorney became bail, the plaintiff did not except, but treated it as a nullity. The Court held that the bail piece was not void, and that the plaintiff by not objecting had accepted his security. So in Bell v. Gate, (1 Taunt., 161,) and Rex v. The Sheriff of Surrey, (2 East., 181,) in which last case the Court say, “it is too well settled to admit of dispute, the plaintiff must except to the bail and cannot consider it as a nullity.”
The first case urged upon our attention is Barnett v. Pardow. (10 Wend., 615.) In that case no question arose whether an attorney could become bail or not. The only point in discussion was whether bail in error could justify ex parte, without notice to the defendant in error. It does not appear that the bail in error was an attorney or other officer of the court. The decision *637 was, that inasmuch as the Revised Statutes had provided that the sureties should, if excepted to, justify within ten days, by an affidavit in a prescribed form, and a copy of the affidavit should, before the expiration of the ten days be served on the defendant in error, (2 R. S., 597, § 35,) it was sufficient if there was a compliance with the statute.
In the previous statute (1 R. L., 143, ch. 25, § 2,) which was in substance a transcript of the provisions of the English statute of 3 James I, chapter 8, as modified by 13th Charles II, statute 2, chapter 2, section 9, the sureties were to be approved by the court in which the judgment was given, and the practice was for the sureties, if excepted to, to justify on notice. (4 Burr, 2501; 1 Wils., 213; 8 Durnf. & East., 639.) In Moody v. Baker, (5 Cow., 414,) the Supreme Court state the practice to be substantially as in case of bail to the action.
All the Court decided in Barnett v. Pardow, is that the Revised Statutes have prescribed a new form or mode of justification, viz., by affidavit and service of a copy, and therefore such justification maybe ex parte without notice, since this is a compliance .with, the statute and no benefit could result from the attendance of the defendant in error at the time and place of justification. Whether an attorney was, under the Revised Statutes, competent to become bail in error, was not a question in any manner before the Court, and not a word is contained in the report of the case on the subject. Doubtless he was incompetent under the English practice within the rules of 6th and 14th Geo. II, since their phraseology would include bail in error. (See 2 R. S., 598, § 35; Laws of 1844, p. 466, ch. 312; Laws of 1845, ch. 10.)
The next case cited is Walker v. Holmes, (22 Wend., 614,) in which it is held that an attorney may become surety for the payment of costs by a non-resident plaintiff; the Court, as in the last case saying that the plaintiff had complied with the statute which regulated that subject. (2 R. S., 620, tit. 2.) Before the statute as well as under the statute the attorney was liable for costs to the extent of $100. (Rules of Jan’y, 1799.)
So that it was no change of the rule on that subject to hold that an attorney could become voluntarily and expressly bound for the costs; he never was disqualified. (Gr. Pr., 52 and 508, and cases in this State and England cited; 2 Cow., 460; 6 Wend., *638 660; 10 id., 621; 4 J. R., 484; 20 id., 475; 13 id., 125; 1 Hopk. Ch. R., 117; Ch. Rules of 1806; 1 John. Ch. R., 202.)
The remaining case cited is Studwell v. Palmer, (5 Paige, 57,) in which the point decided was that on a motion to dismiss an appeal it was not a sufficient ground, that one of the sureties in the appeal bond was a solicitor.
It has already been shown that in the common law courts such bail was not a nullity, and it had been previously decided that this was not a ground for quashing a writ of error, although it would have been a good exception. (Scott v. Craig, 1 Wend., 35.) The case in Paige, therefore, does not conflict with what has already been said. Besides the Chancellor says, neither the statute regulating appeals nor the rules of the Court of Chancery contain any prohibition against a solicitor becoming a surety in an appeal bond. If so, he was doubtless competenti This proposition has no application to special bail in this Court, in respect to whom, long settled practice had declared attorneys to be incompetent. And we are not aware of anything in the Code which makes the practice of the late Court of Chancery on appeals to that Court apply to bail to the action in this Court.
These considerations seem to us to dispose of the cases cited, and it only remains for us to say that, we concur in the reasons assigned at Special Term for holding an attorney incompetent to become special bail, against the objection and exception of the plaintiff.
The order appealed from should be affirmed, with $10 costs.
Ordered accordingly.