# RYCKMAN a. COLEMAN.

*Supreme Court, First District; At Chambers, September,* 1861.

DISABILITY OF ATTORNEYS TO BECOME SURETIES.

The practice of the court, not to allow attorneys to become sureties for their clients in legal proceedings, extends only to bail for the appearance of parties arrested.

Application for the approval of an undertaking on continuance of injunction

This was an action to declare void, for usury, an agreement under which plaintiff had deposited with the defendants storage receipts and invoices for goods valued at $150,000, and to obtain judgment for the possession of the goods.

At the commencement of the action an injunction had been issued restraining the defendants from selling, transferring, or removing the goods, which was set aside upon defendants' motion; but a stay of proceedings was allowed on the order setting aside the injunction, provided the plaintiff increased the security given on issuing the injunction, by an undertaking in $10,000, to be approved by a justice of the court.

The plaintiff, in order to avail himself of the stay of proceedings, executed an undertaking with Welcome R. Beebe and Gilbert Dean, as sureties, in the amount prescribed. The sureties were members of the firm of Beebe, Dean & Donohue, the attorneys for the plaintiff in this action. On the application for the approval of the undertaking, the defendants objected to the competency of the sureties proposed, on the ground that they were the plaintiff's attorneys in the action.

*Gilbert Dean*, for the plaintiff.

*Daniel Lord*, for the defendants.

LEONARD, J.—The attorneys for the plaintiff having executed

a bond as security for an injunction granted by the court, it is objected by the defendants, that it is inconsistent with the practice of this court to allow the attorneys thereof to become sureties for their clients in legal proceedings, and that the bond in question ought not for that reason to be approved.

This practice extends only to bail for the appearance of parties arrested.

The chancellor said it was not a valid objection to the regularity of an appeal, that one of the sureties in an appeal bond was the solicitor of the appellant. (Studwell *a.* Palmer, 5 *Paige*, 57.)

The late Supreme Court refused to quash a writ of error, on the ground that one of the sureties therein was an attorney and counsellor of the court. (Craig *a.* Scott, 1 *Wend.*, 35.) In Micklethwaite *a.* Rhodes (4 *Sandf. Ch.*, 434), the vice-chancellor held that "the rule, as to bail, in the courts of law had never been adopted in that court, in respect of security required by the statute." He held, in that case, that the moving party was mistaken in supposing that the surety, being the solicitor for the complainant, furnished a ground of exception to his becoming security for costs.

The sureties in this case, being without objection in other respects, must be approved.