# NEW YORK SUPERIOR COURT.

ALFRED H. WILLMONT agt. CORNELIUS M. MESEROLE and others.

*Liability of attorney as security for costs.*

By the provisions of the Revised Statutes (2 *R. S.*, 620, *sec.* 7), an attorney prosecuting an action for a non-resident plaintiff is liable for costs to an amount not exceeding $100; and such liability can be enforced summarily, by order.

The attorney, however, may relieve himself of this liability, by giving the security required by the statute.

Where an attorney, not of record in the action, but only an attorney at law, signs a bond as security for costs for a non-resident plaintiff, it cannot be enforced against him by the court in a summary manner. The obligation can be enforced in no other manner than if it was the obligation of a person not an attorney or officer of the court.

*Special Term, January,* 1875.

THIS action was commenced in this court by a non-resident plaintiff.

The defendant obtained an order requiring the plaintiff to file security for costs in the sum of $500.

Within the time limited by the order, the plaintiff caused a bond to be executed by N. McGregor Steele as surety, which was conditioned that said Steele would pay all costs which might be awarded to the defendant in the action.

The defendant recovered a judgment for costs amounting to upwards of $1,400.

Upon an affidavit that Steele, the obligor, was and is an attorney at law (but not the attorney of record in the action), a motion was made for an order requiring Steele to pay to the defendant the said sum of $500, the penalty of said bond.

*C. M. Da Costa*, for motion.

*E. Hamilton*, opposed.

MONELL, *C. J.*— This is a proceeding against Mr. Steele, as an attorney at law, and therefore an officer of the court, but not as the attorney of record in the action, to enforce some duty which it is claimed the law imposes upon him as such officer.

Under the statute (2 *R. S.*, 620, *sec.* 7), an attorney, prosecuting an action for a non-resident plaintiff, is liable for costs to an amount not exceeding $100; and it is settled that such liability can be enforced summarily by order (*Jones* agt. *Savage*, 10 *Wend.*, 621; *Sigourney* agt. *Waddle*, 9 *Paige*, 381). The attorney, however, may relieve himself of this liability by giving the security required by the statute.

If Mr. Steele had been the attorney of record in the action, it is probable that, at least to the extent of $100, the court, where the action was brought and prosecuted to judgment, might have proceeded summarily by order, directing the payment of that sum, unless his execution of the bond wholly relieved him from all other liability than such as attached to that obligation.

But Mr. Steele was not the attorney of record in this action, but only an attorney at law, and it is sought to reach him under the general power which courts are authorized to exercise over their officers.

Without determining whether that power is lodged exclusively in the supreme court, or whether it may not, to the extent, at least, of enforcing its orders, be exercised by this court, it is sufficient for the motion that Mr. Steele has not, in my opinion, incurred any liability in this case which can be enforced in this summary manner.

There is no provision of law, that I am aware of, which prohibits an attorney at law from becoming security for another person in an any matter in which he is not acting in

the capacity of attorney for such person. The general rule recognized by the courts, that attorneys cannot be bail or security for their clients, was founded upon reasons of convenience, and to relieve attorneys from importunities of their clients, and clients of exorbitant exactions of their attorney.

But I think the rule has never been extended further than to exclude attorneys from becoming security for their clients, and in some action or proceeding in which they appear upon the record as such attorney, or are acting as the attorneys, or possibly as the counsel, of the person for whom they became security.

The general rules of court (*Rule* 8), which provides that in no case shall an attorney be surety on any undertaking, merely extends the ineligibility of attorneys to another kind of security.

But even this disqualification of attorneys was confined to such securities as were not required or regulated by statute. Hence, in *Walker* agt. *Holmes* (22 *Wend.*, 614), when, upon an order to file security, the attorney of record signed the bond, BRONSON, J., says: " The practice on requiring security for costs has been regulated by statute, and it is enough that the plaintiff has complied with the statute by executing a bond with a sufficient security, and the surety has justified."

The disqualification from becoming bail is general in its application, and an attorney would be rejected as bail, although he was not the attorney of the party bailed; and I am inclined to think that the disqualification extends generally to all suretyship. Clearly, the rule (*Rule* 8), as recently amended, covers all suretyships required by law.

But if, without objection, an attorney does become surety, he incurs no other or different responsibility than legally attaches to the obligation he signs; and it seems to me that such obligation can be enforced in no other manner than if it was the obligation of a person not an attorney or officer of the court.

The disability of an attorney to become security is ground

of objection, and may be sufficient to reject him; but if he is allowed to remain without objection, it does not render the security void, nor does it raise any different liability than such as the instrument he signs would legally impose upon any other person.

In England, where the same rule in regard to bail exists, it has been held that bail by an attorney cannot be treated as a nullity, but is ground of objection only (*King* agt. *Sheriff of Surrey*, 2 *East*, 181; *Banter* agt. *Levy*, 1 *Chit. Rep.*, 713).

It has also been there held that an attorney is liable on his recognizance when it is entered into, nothwithstanding he is prohibited from becoming bail (*Harper* agt. *Tahomden*, 1 *Chit. Rep.*, 714, *note*).

The rule as to bail in courts of law was never adopted in the court of chancery (*Micklethwaite* agt. *Rhodes*, 4 *Sandf. Ch. R.*, 434), in respect to security required by statute, and it was held, in the case just cited, that the solicitor might be surety upon a bond for costs; and in *Ryckman* agt. *Coleman* (13 *Abb. R.*, 598), the disability of attorneys was limited to bail for the appearance of the party arrested.

The general power over attorneys is, I think, confined to or exclusive in the supreme court. It is through that court that they obtain admission, and it is by that court they can be disbarred, or reached for any general misconduct, not immediately connected with actions or proceedings pending in other courts.

The power of this court extends only to attorneys who appear upon the records of this court, and are charged with misconduct in actions pending in this court, and which misconduct must relate to his office of attorney in such action. If, being an attorney, he does some act which he is disqualified from doing, but which is not done as the attorney of either party to the action, which might subject him to some liability to the parties, or either of them, he must be proceeded against in the court, which, in such a case, would have exclusive jurisdiction.

Willmont agt. Meserole.

The cases to which I was referred by the defendant's counsel are not opposed to the general principle which I have stated in respect to the power of courts over their officers, but they do not sustain the position that for any general misconduct any other than the supreme court can take cognizance (*In re John Percy*, 36 *N. Y. R.*, 651).

I do not doubt that if this court could legally make an order requiring Mr. Steele to pay the defendant's costs, such order would, under the general powers of all courts to enforce obedience of its orders, be enforced by attachment against him.

But I have already determined that his mere signing of a bond as security was not the act of an attorney, and, therefore, imposed no special or peculiar liability upon him.

If, however, by doing so he violated any rule of the court, or was guilty of any breach of professional duty, he must be called to account for such violation or breach in another tribunal.

The motion must be denied, with costs.