In the matter of Peterson.

1832.

---

### In the matter of PETERSON, one of the solicitors, &c.

Where a solicitor forged the name of a person as deputy register to a paper purporting to be a copy of an order obtained on his application as solicitor, declaring the marriage between a husband and his wife void, for the purpose of enabling the husband to impose upon his wife, and induce her to believe that she was legally divorced; such solicitor was removed from his office as solicitor.

If a deceit is practised by a solicitor in his character as such, although not in a suit pending in the court, he may be removed from his office as solicitor.

The effect of such removal by the court of chancery is to deprive the solicitor of the power of practising as a solicitor, attorney, or counsellor in any other court.

THIS was a proceeding in which W. V. L. Peterson, one of the solicitors of this court, was removed from his office of solicitor. The causes of his removal are stated in the opinion of the chancellor. The court had previously directed a copy of an order to show cause, and copies of the papers containing the charges against the solicitor, to be served on him personally.

1832.

In the matter of Peterson.

Sept. 3.

THE CHANCELLOR. A petition was presented in this case, and accompanied by other evidence, showing that W. V. L. Peterson, one of the solicitors of this court, had been guilty of forging the name of J. Rhoades, as deputy register, to a paper purporting to be a copy of a decree, obtained on the application of Peterson, as solicitor, sanctioning an agreement for a separation which had been entered into between Baird, the petitioner, and his wife ; and declaring their marriage void. And if the allegations of the petitioner, as sworn to in his petition, are true, this fictitious decree was palmed off upon him, by this solicitor, as a valid decree of this court dissolving the marriage contract between the petitioner and his wife. Under such circumstances I considered it my duty not only to direct an order for the solicitor to show cause why he should not refund to the petitioner the money which had been obtained from him by this fraud and imposition, but also to require him to show cause why he should not be removed from his office of solicitor, or suspended from practising. The affidavit of the solicitor denies the material allegations in the petition, so far as relates to the right of the petitioner to a return of the money received from him by such solicitor. According to the account of Peterson, there was no fraud or imposition practised upon this husband, who was aware that the whole of these pretended proceedings for a divorce were fictitious ; and the only object thereof was to impose upon the wife, by inducing her to suppose she was divorced, or lawfully separated from her husband. Although there are many circumstances in this case to create a strong suspicion that the allegations in the petition are true, yet as the solicitor's affidavit directly contradicts the allegations on which the petitioner's right to relief depends, the latter will not be entitled

to an order for the return of his money unless he can furnish evidence of the facts, exclusive of his own oath. The affidavit of Van Vranken proves nothing, one way or the other, as to the facts upon which the parties are at issue in this case. That part of the order to show cause which relates to the private rights of the petitioner must therefore be discharged, unless he elects, within twenty days, to have a reference to a master to ascertain and report as to the truth of the matters stated in the petition.

But admitting all the allegations in the affidavit of Peterson to be strictly true, he has been guilty of an act which shows he is not a proper person to be entrusted with the protection or management of the rights of suitors in this court. He stands convicted, by his own admission, of having forged the name of J. Rhoades, as deputy register, to a paper purporting to be a copy of an order obtained on his application as solicitor declaring the marriage between Baird and his wife void. And, as he alleges, for the purpose of enabling the husband to impose upon his wife, and to induce her to believe she was legally divorced. The consequences of such an imposition, if the fraud had succeeded, may easily be imagined. Although no person acquainted with the law or the forms of legal proceedings could be deceived by such a paper, it might well mislead such uninformed foreigners as these were ; and might induce the wife to contract matrimony a second time, under the supposition that she had a legal right to do so after this pretended divorce.

The statute provides for the removal, by the chancellor, of a solicitor who has been guilty of any deceit, malpractice, or misdemeanor ; (1 *R. S.* 109, § 24 ;) and it is not necessary that the deceit should be practised in a suit which is actually pending in this court. It is sufficient that it be done in his character of solicitor. Here the fictitious and forged order upon its face purports to have been obtained by Peterson in his character of solicitor, and it was therefore the more likely to impose upon the party or parties intended to be deceived thereby. Solicitors, attorneys, and counsellors are admitted to practice, and are entitled to special privileges under the laws of the state, for the purpose of enabling them to be useful to their

fellow citizens in the ascertainment, prosecution and defence of their legal and equitable rights. And if such officers abuse the trust which has been thus reposed in them, and conduct themselves in such a manner as to become a nuisance rather than a benefit to the community in which they reside, it is the duty of the courts in which they practice to remove them from their office; as well for the protection of the public as to preserve the character of an honorable and useful profession. And this court, so long as I have the honor to preside in it, will not hesitate to discharge that duty, fearlessly, whenever a proper case for the exercise of the power is presented.

The party who has been guilty of this forgery and deceit, must therefore be removed from his office as a solicitor of this court; the legal effect of which removal will be to deprive him of the power to practice as a solicitor, attorney, or counsel, in any other court. And a copy of the order removing him must be sent, by the register, to the clerks of the supreme court, and to the clerk of the court of common pleas of the county in which he resides.