## TOWLE v. HATCH.

When writs of mesne or final process are committed to the sheriff for service, by the attorney who sues them out, a promise by such attorney to pay the fees will ordinarily be implied, unless repelled by the proof; but it is otherwise when the writs are not so delivered by him, although he may have indorsed them.

ASSUMPSIT, to recover, *inter alia*, sundry sums for service of writs and other processes by the plaintiff as deputy sheriff, against the defendant, an attorney and counsellor at law.

For the purpose of settling the questions of law arising in the hearing before the auditor, and for no other purpose, the parties agreed upon the following case :

The plaintiff served writs of mesne process made and indorsed by the defendant, the plaintiffs in said writs living out of the State.; other writs, in which the plaintiffs lived in the State, made by the plaintiff and indorsed with the name of such plaintiffs by the defendant as their attorney; and other writs made by the defendant, and indorsed by the plaintiffs therein. Some of said writs were delivered to the plaintiff by the defendant as attorney for the plaintiffs therein; and others by the said plaintiffs themselves. The plaintiff levied sundry executions issued upon judgments recovered by various persons in actions in which the defendant was their attorney. Some of said executions were delivered to the plaintiff by the defendant as attorney for the parties in whose favor they were issued, and others by the parties themselves. The plaintiff claimed on these facts to hold the defendant liable for the service of all said writs and executions; while the defendant contended that he was not liable.

*C. H. Bell*, for the plaintiff.

An attorney is liable for the fees for service of all processes by him made or issued, unless before the service he notifies the officer that he is to look to another party for payment. This, it is believed, is in accordance with the common usage and understanding of the profession. And, we apprehend, no different rule or reason applies to any of the various states of facts mentioned in the case. The following cases in New-York and Massachusetts, recognize the liability of attorneys, and intimate no distinctions in the application of the rule : *Adams* v. *Hopkins*, 5 Johns. 252; *Ousterhout* v. *Day*, 9 Johns. 114; *Tarbell* v. *Dickinson*, 3 Cush. 345.

*A. R. Hatch*, for the defendant.

1. An attorney who sues out a writ, delivers it to an officer, enters it in court, &c., is merely an agent of the plaintiff, and his agency is disclosed and apparent upon the papers at every stage of the proceeding. In the absence of any express agreement on his part, his liability to the officer is to be measured by the ordinary law of agency. Story's Agency 255–260; *Owen* v. *Gooch*, 2 Esp. Cas. 568; *Brown* v. *Rundlett*, 15 N. H. 360; *How* v. *Codman*, 4 Greenl. 82, note. No reason exists for subjecting an attorney to the responsibility of paying the officer's fees upon process delivered for service.

He has no such interest in the suit, or control over it, as secures his reimbursements as in the case of ship-masters. *Farmer* v. *Davies*, 1 T. R. 108; *White* v. *Hildreth*, 9 N. H. 104–106; *Bicknell* v. *Dorion*, 16 Pick. 478–490. The officer is at all times subject to the direction of the plaintiff, as to the service of process; and the fees and expenses of the officer may increase to an unlimited extent without the knowledge or consent of the attorney. *Wires* v. *Briggs*, 5 Vt. 101, seems to be directly in point. See *Sargent* v. *Pettibone*, 1 Aik. 355; U. S. Dig. 332, 183; *Benson* v. *Whitfield*, 4 McCord 149; U. S. Dig. 332, 184.

2. As to writs, &c., delivered to the officer, not by this defendant, but by the plaintiff, in the several actions, no agency ever existed on the part of the attorney, and there is no pretense for holding him liable. The fact that an attorney indorses a writ for a party living out of the State does not make him liable to the officer. The liability of an indorser is created and limited by statute. Comp. Stat., ch. 193, secs. 18 and 19; Laws 1797, 87; Provincial Laws 107; *Woodward* v. *Peabody*, 39 N. H. 189; *Miner* v. *Smith*, 6 N. H. 219; *Wires* v. *Briggs*, 5 Vt. 101.

3. The decisions in New-York and Massachusetts are founded upon the rule existing in those States, as at common law, that " the sheriff has no discretionary power left him whether to perform the service or not, but is bound to execute every legal process delivered to him, before he can demand his fees." *Adams* v. *Hopkins*, 5 Johns. 254; Laws of Mass. 1783, ch. 44, sec. 1; Rev. Stat. of Mass. 1836, ch. 14, sec. 68; Gen. Stat. of Mass. 1860, ch. 17, sec. 65; *Hescott's Case*, 1 Salk. 330; *Hapman* v. *Barker*, 2 Str. 814; *Boswell* v. *Dingley*, 4 Mass. 413. But in this State the law is different, and the sheriff is not bound to serve process unless his fees are tendered to him. The reason of the rule in New-York and Massachusetts, does not exist here. Comp. Stat., ch. 189, secs. 9 and 10; Laws 1797, 148; Laws 1830, 528, sec. 5; *Waldron* v. *Tuttle*, 4 N. H. 149. It is denied that there exists in this State any such usage or understanding as the plaintiff pretends.

BELLOWS, J.    For a long time it appears to have been the usage in this State, for sheriffs to charge their fees in the service of writs of mesne process and final execution to the attorneys of the persons for whom they were sued out, in case the writs were committed to them for service by said attorneys. And this seems to have been the understanding of the court in *Eastman* v. *Coös Bank*, 1 N. H. 23, where the question was, whether the attorney was not alone liable, although the writ was delivered by another to the sheriff with directions to charge his fees to the bank. Such being the practice, whenever the attorney delivers to the sheriff a writ with a request, expressed or to be inferred from the delivery, that he should execute it, the law will imply a promise on the part of the attorney to pay the fees, unless it be repelled by notice to the contrary. It is true that the attorney is but the agent of the party, and the agency must in general be regarded as disclosed, and yet the agent may bind himself personally, either by an express promise,

or by implication from usage, or the course of dealing, which he takes no measures to repel; as in the case of a master of a ship out of the home port, or a factor resident abroad. In these cases, the principal not being known, and out of the reach of the parties, as matter of convenience the personal credit of the agent is by the course of business understood to be pledged, and therefore a promise to pay is implied. So it has been held in England, that when an attorney employs another attorney to do business for his client, he is personally responsible for his fees, unless he gives notice that he must look only to the client; and this is put upon the ground of usage, from which such promise may be implied. *Scrace* v. *Whittington*, 2 B. &. C. 11. If, therefore, the usage in this State be to charge the sheriffs' fees to the attorney in the case stated, then the delivery to them of writs for service, will be *primâ facie* evidence of a promise to pay the fees. That such is now and has a long time been, the usage, there is no reason to doubt; and so well established is it, as to give rise to the practice among attorneys of charging their clients at once with the sheriff's and clerk's fees, without waiting until they have been actually paid, assuming that as matter of course, said fees are charged to them in account. In New-York the law is well settled by repeated decisions, as in *Adams* v. *Hopkins*, 5 Johns. 253; *Osterhout* v. *Day*, 9 Johns. 114; *Trustees of Watertown* v. *Cowen*, 3 Paige Ch. 510. In the last case, the decision is put distinctly upon the ground of a uniform practice from which there is an implied assumpsit; and so in *Adams* v. *Hopkins* the court say that the general practice of looking to the attorney, repels every presumption of credit being given to the client. The case of *Judson* v. *Gray*, 1 Kernan 408, questions the soundness of these decisions, and refuses to extend the principle of them, as being in conflict with legal principles, and unsupported elsewhere. The legal principle with which these decisions are supposed to be in conflict, is, the settled rule of the common law that where one person contracts as the agent of another and the fact of the agency is made known, the principal alone is bound. But the only question here, is, whether the attorney does contract as agent, or on his own account. If, by the usage in that particular business, as in the case of the master of a ship, or a factor resident abroad, he is understood to pledge his own credit, then he is personally bound as much as if his agency was not disclosed at all. Indeed, the only question there can be, is, whether such usage exists; and we are, notwithstanding the able opinion of Judge *Seldon*, in *Judson* v. *Gray*, disposed to adhere to the doctrine of the earlier cases. In accordance with our views, are *Tarbell* v. *Dickinson*, 3 Cush. 346; *Maddox* v. *Cranch*, 4 Harr. & McH. 343.

Among the cases cited and relied on in *Judson* v. *Gray*, is the case of *Robbins* v. *Bridge*, 3 Mees. & W. 114, which decided that the attorney was not liable for the fees of a witness whom he had subpœnaed. In the course of the opinion Lord *Abinger* says, that the attorney is known merely as the agent—the attorney of the principal, and acting for him; and that "he does not render himself liable for any thing, unless it is for those charges which he himself is bound to pay and for which he makes a charge. If, therefore,

he employs a stationer to do any thing for which he makes a charge, he is liable, as he is for the fees of the officers of the court; for these are ready-money transactions, for which the person engaged in the business of the court is liable; for it can not·be presumed that the client would authorize him to pledge his credit, when no credit is given. It is known the marshal does not receive his fees from the party, but, on the contrary, from the attorney, who is daily practicing there, and who is bound to pay, and not his client. But it is different with a witness; he has no course of dealing with the attorney." Upon these views, it is quite clear that, in the opinion of Lord *Abinger*, the attorney is personally liable for money charges and fees, on account of his client; and that, whether he is liable or not, is determined by usage and the general course of dealing. In *Maybury* v. *Mansfield*, 9 Ad. & E. 754, it was held that the attorney was not liable for the fees of the sheriff, although he committed to him the writ for service, the proof having failed to establish a custom. In *Preston* v. *Preston*, 1 Doug. (Mich.) 202, it was held, that an attorney was not liable for fees to the clerk of the court without an express promise, or some practice in course of dealing between them from which a promise might be inferred; and to the same effect is *Wires* v. *Briggs*, 5 Vt. 101.

Upon a careful examination of these cases, however, we see nothing to shake the. decisions in New-York and Massachusetts; and our conclusion, therefore, is, that the defendant is liable for the fees on such writs and executions as were committed by him, as attorney, to the plaintiff for service, unless the implied assumpsit is rebutted; but that, in respect to such as were delivered by the parties or otherwise and not by the defendant, he is not liable for the fees, although he indorsed the writs.