36 N. Y. 651–DISTINGUISHED, 82 N. Y. 161, 165, 166.

## In re JOHN PERCY.

It is the duty of the Supreme Court to cause charges to be preferred against an attorney, whenever it is satisfied from what has occurred in its presence, or from any satisfactory proof, that a case exists where the public good and the ends of justice require it to be done.

An order to show cause, founded upon proper papers presented, served, with the papers, upon the attorney personally, is the proper mode of proceeding in such case.

The Supreme Court has power to remove an attorney for good cause shown, by ordering his name to be stricken from the roll of attorneys.

As a good moral character is one of the constitutional and statutory qualifications essential to the admission of an attorney, so he may be removed whenever he ceases to possess such qualification.

*W. H. Peckham*, for the appellant.

GROVER, J. Appeal from an order of the General Term of the Supreme Court striking the appellant from the roll of attorneys and counselors of the court. No question is made as to the correctness of the practice adopted in bringing the matter before the court. That was an order to show cause founded upon the papers presented, served with the papers personally upon the appellant. This was the course approved of in *Anon.*, 22 Wend., 656, and pursued *In re Peterson*, 3 Paige, 510. The order specified the charges against the appellant. Those were, that his general reputation is bad; that he had been several times indicted for perjury, one or more of which was still pending; that he was a common mover and maintainer of suits on slight and frivolous pretexts, and that his personal and professional reputation had been otherwise impeached in a specified trial recently had at the circuit. The appellant's counsel insists that the verified minutes of the testimony given upon said trial, taken by a reporter, were not proper or competent proofs in this proceeding. It is said that such testimony is but hearsay, etc. The minutes were competent. The common law rules of evidence do not apply to proceedings of this character. It is not claimed but that affidavits were proper evidence. The

testimony of witnesses given upon the trial of issues is entitled to the same credit at least as the *ex parte* affidavit of the same witnesses upon the same matters. It may be said that, upon the latter, an indictment for perjury would lie (if false), while, in the former, it would not, because the testimony was not taken in the proceeding. To this, the answer is, that the testimony, if material to the issue upon which it was given, will, if false, equally sustain an indictment for the same offense. No question was made in the court below but that the testimony was material. Again, these minutes were used only to satisfy the court that it was proper to prefer charges against the appellant, and the investigation of the truth of the charges is to be made after service upon the party proceeded against. The court may and ought to cause the charges to be preferred whenever satisfied, from what has occurred in its presence or from any satisfactory proof, that a case exists where the public good and ends of justice call for it. Upon the return of the order, the court proceeded properly to investigate the charges. Upon such investigation, the evidence was very voluminous, and, at the close, the court convicted the appellant upon the charges by making an order striking him from the rolls. It is not deemed necessary to discuss the evidence. The whole has been carefully examined, and such examination satisfies me that the court was not only justified, but imperatively required to make the order it did against the appellant, if it possessed the legal power. By whatever cause the conduct of the appellant was induced, it is clear that it was such as wholly to unfit him to practice the profession usefully to the public or beneficially to himself. His credibility was destroyed. His character had become bad. He was crowding the calendar with vast numbers of libel suits in his own favor, and in the habit of indicating additional libel suits upon the answers to those previously brought by him. In one instance, at least, he had sued his client in a justice's court, and when beaten upon trial, instead of appealing from the judgment, he commenced numerous other suits against him in different towns for the same cause, when he must have known that the demand was

barred by the first judgment rendered.  The only inquiry is whether, in such a case, the court has the power to protect the public by preventing such persons from practicing as attorneys and counselors in the courts of the State, and by that means harass its citizens.  At the common law, the courts had nothing to do with the admission of attorneys or counselors to practice. (*In re Cooper*, 22 N. Y., 67.)  It follows that this power, if possessed, is conferred either by the Constitution or statute.  Section eight, article six of the Constitution provides, that any male citizen of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled to admission to practice in all the courts of this State.  Section fifty-eight (p. 320, 1 R. S., 4th ed.) provides the manner of admission of such persons to practice.  Under this section, the court derives its power for that purpose.  Section nine of the judiciary act confers upon the Supreme Court the same power to remove attorneys, etc., as was theretofore possessed by the chancellor and the former Supreme Court.  Section fifty-nine (p. 320, 1 R. S.) provides that counselors, solicitors and attorneys may be removed or suspended by the several courts in which they shall be appointed, but subject to such removal, they hold their offices for life.  Section sixty provides that any counselor, etc., may be removed or suspended who shall be guilty of any deceit, malpractice or misdemeanor, but not until a copy of the charges against him shall have been delivered to him by the clerk of the court in which the proceedings shall be had, and an opportunity shall have been given to him of being heard in his defense.  Section sixty provides that a removal by the Supreme Court shall operate as a removal in every court of the State.  From the above statute the power of removal by the court is derived.

It will be seen that the exercise of this power is dependent upon the general conduct of the person, and is not *confined* to the class of cases where particular individuals have suffered injury from such misconduct.  It is insisted, by the appellant, that the misconduct justifying a removal is some deceit, malpractice, or misdemeanor, practiced or committed

in the exercise of the profession only, and that general bad character or misconduct will not sustain this proceeding. I cannot concur in this position. It has been seen that the right of admission to practice is made, both by the Constitution and statute, to depend upon the possession of a good moral character, joined with the requisite learning and ability. It is equally important that this character should be preserved after admission, while in the practice of the profession, as that it should exist at the time. It would be an anomaly in the law to make good moral character a prerequisite to admission to an office of a life tenure, while no provision for removal is made in case such character is wholly lost. To provide for such a case section fifty-nine (*supra*) was enacted. That section would be wholly superfluous upon any other interpretation. Section sixty would confer all the power that, according to such an argument, is possessed by the court. It is true that to warrant a removal the character must be bad in such respects as shows the party unsafe and unfit to be intrusted with the powers of the profession. There are many vices, that render the character more or less bad, that have no such tendency. But a want of credibility upon oath does not come within this class. When there can be no reliance upon the word or oath of a party, he is, manifestly, disqualified, and, when such fact satisfactorily appears, the court not only have the power, but it is their duty to strike the party from the roll of attorneys. The various cases of removal, after conviction of crime, which have been made, can only be sustained upon this view. It is further insisted that the court has no right to call upon an attorney to answer charges of this description, for the reason that it compels him to give evidence against himself. The answer to this is that the party is not compelled to be sworn at all, unless he chooses. He may introduce his other evidence, tending to show his innocence, and submit the matter to the court without having sworn.

The order appealed from must be affirmed.

All concur.

Affirmed.