## SUPREME COURT.

In the Matter of William N. Loew, an attorney and counsellor at law.

An attorney disbarred.

*General Term, May,* 1875.

*Before* Davis, *P. J.,* Daniels *and* Donohue, *JJ.*

Motion to strike the name of William N. Loew from the roll of attorneys and counsellors of the supreme court, New York, and disqualify him from acting as such.

*George F. & J. C. Julius Langbein,* for motion.

*James C. Carter, George F. Seymour & John L. Lindsay,* opposed.

In the month of June, 1874, an action was brought in the marine court of the city of New York, by Joseph Bernard, through his attorney, J. C. Julius Langbein, Esq., against Charles Leo and August Kalb, to recover the sum of $643.46 loaned and advanced to said defendants and for their use and benefit. The defendants appeared by William N. Loew as their attorney, and served an answer. This answer was returned by the plaintiffs' attorney with the following words indorsed thereon, viz.: "The within answer is hereby returned for the reason that the verification therein is insufficient, inasmuch as the same does not state it is true to the knowlege of the defendant, as required by section 157 of the Code of Procedure and existing decisions." The verification which was returned stated that one of the defendants "has read the foregoing answer and knows the contents thereof, except as to the matters therein stated upon information and belief, and

as to those matters he believes them to be true." The plaintiffs' attorney, after returning the answer for the reasons aforesaid, entered up judgment as for want of an answer and issued execution thereon to the sheriff, whereupon Loew, as the attorney for the defendants, procured an order to show cause, with a stay of proceedings, why the answer served should not stand and be accepted and taken by plaintiffs' attorney as valid and good, and the judgment entered as if by default be vacated and set aside; and in support of that motion, upon the argument thereof, Loew charged in open court that George F. Langbein, or J. C. Julius Langbein, his brother, erased, or by some one in their office, caused to be erased the words "*to be true to his own knowledge*," from the copy of the answer served; that those words were, to his own knowledge, interlined in the copy of the answer served, before and at the time of its service upon the plaintiffs' attorneys, and that said copy answer was returned so erased for the purpose of entering judgment. The Messrs. Langbein, after recovering from their surprise, charged Loew with having made said erasure, and further, that he had made his charge against them or their clerk for the purpose of screening himself from his mistake in having carelessly and negligently omitted the words "to be true to his own knowledge," in the verification of the copy answer.

Mr. justice JOACHIMSEN, before whom the motion was heard, upon motion of the Messrs. Langbein, first made an order referring the charges to Mr. Albert Stickney, counsellor at law, to take evidence and proofs concerning the charge so made of falsifying the copy answer served, by making the erasure in the verification and then returning it to defendants' attorney as not properly verified, and entering judgment as if there was a failure to answer; and directing further, that the referee report to a general term of the marine court, with his decision thereon, when the court would dispose of the question of the costs and expenses of the proceeding. He then, by another order, granted leave to the defendant

Matter of Loew.

to serve answer, with an amended verification, upon payment of ten dollars costs of the motion and the expenses attending the judgment and execution and the sheriff's fees, which was in effect deciding the motion on the merits in favor of the plaintiff, but indulging the defendants' attorney, on terms, with leave to amend the defective verification. The referee reported as his opinion, that the words " to be true to his own knowledge " were not in the verification in the copy of the answer served, when it was served on June 15, 1874; that these words were not erased by either George F. Langbien or J. C. Julius Langbien, or by any person in their office; that that erasure was simulated by William N. Loew, with the intent of charging that these words had originally been there written when the copy answer had been served, and of further charging that those words had thereafter been fraudulently erased by some one in the office of the Langbein Brothers, with the wrongful intent and purpose of returning that copy answer as if it had been properly verified. The general term of the marine court, in February, 1875, Shea, C. J., Alker and Gross, JJ., chief justice Shea delivering the opinion, decided " that the evidence and proofs taken by the referee show, beyond doubt, that the charge made by Loew in open court against the Langbien Brothers and those employed in their office, especially J. C. Julius Langbien, the attorney for the plaintiff in this action, was untrue, and was a malicious device, recklessly set afoot, to do those gentlemen a great and undeserved injury in their character and reputation as members of the bar and as members of this community; that the opinion of the referee be confirmed, and that an order be entered in due form enforcing the appropriate civil remedy under the provisions of the statute, and that the court impose a fine of $480 upon the said William N. Loew, to be paid by him to the said J. C. Julius Langbien as and for his indemnity, and to satisfy his costs and expenses upon and concerning the said reference and in his behalf, and that said William N. Loew be imprisoned in the proper jail in default of paying

and until he pay the same." Upon the papers and proceedings had, a motion was made to the general term of the supreme court to strike the name of William N. Loew from the roll of attorneys and counsellors at law, upon which application the general term decided as follows, Judge DANIELS writing the opinion :

DANIELS, *J.* — This application has been made upon charges involving gross professional misbehavior. It is alleged that an answer was served by William N. Loew, an attorney, in an action in the marine court, on the last day allowed for that purpose, with so defective a verification as to justify the plaintiff's attorney in refusing to receive it, and to enter up judgment by default. The words omitted were, "*to be true to his own knowledge*," from the form prescribed by the Code, and their absence rendered the verification materially defective. The charge was, that after the answer was returned, for the reason of the defect, an erasure was made between the lines where the clause might appropriately have been inserted, for the purpose of claiming that the answer had been correctly verified; and that the clause was erased by the plaintiffs' attorneys in the action, so that they could return the answer, and enter their judgment by default. And that use was made of the answer in the marine court by William N. Loew, on a motion to set aside the default taken in the case; upon that hearing, a reference was ordered to ascertain the facts, and upon the proceedings thereupon had, and the affidavits produced in support of, and against the present application, this case has been heard without objection in this court.

The evidence was orally taken before the referee, and, after a careful consideration of it, he concluded that the words were not in the verification of the answer when it was served; and that the erasure afterward appearing upon the paper between the lines, where it was affirmed they had been written, was made by William N. Loew, with the design of using

Matter of Loew.

the paper as the foundation of the charge that it had been mutilated by the plaintiffs' attorneys and then returned, so that they could enter their judgment by default; and that he did make that charge upon it, and applied, for that reason, to set aside the judgment; and for an order that the answer should be allowed to stand as properly served.

That the clause in question was omitted from the copy of the answer which was served, at the time it was copied, was clearly shown. But on the part of William N. Loew it was maintained that the omission was both observed and supplied before any service of it was made. The evidence in support of that position was wholly given by William N. Loew, and his clerk Infeld, at the time in his office. They both stated that the absence of the clause was discovered in comparing the copy with the answer as it had been sworn to, and that the clerk then and there inserted it. This evidence, however, was impaired by that given by Levy, another occupant of the same office, who stated that he observed William N. Loew and his clerk comparing the papers, but heard nothing said about supplying any omission, and said nothing indicating the performance of such an act. It was also in conflict with the fact assumed in the marine court by chief justice Shea, when the motion to be relieved from the default was argued, and by the referee, from an inspection of the erasure, that the erased space was not sufficiently extended to contain the omitted clause. How satisfactorily that fact appeared from the erased space, this court has no means of determining, because the paper has not been before it. By some means the copy answer has disappeared, so that it could not be produced upon the hearing of this application. But in its absence, it may be presumed as the statement of the fact was made by the chief justice of the marine court, in the presence of William N. Loew, and his attention was particularly directed to it, and no assertion to the contrary was then made, that it was supported by the appearance of the paper.

Further evidence was given in his behalf by another occu-

Matter of Loew.

pant of the same office, named Lowenthal, who stated that he was present when the answer was returned, and took it out of the hands of Levy, who had received it, and then discovered the erasure. If this were true, the fact would go far to sustain the statement of William N. Loew and his clerk. But on this subject Lowenthal stands alone, but Levy does not state that he saw any erasure, or even looked for any. And the answer remained in Lowenthal's hands until Loew, who soon entered the office, received it from him, and afterwards retained it until it was produced by him on the motion in the marine court. But the evidence of Lowenthal was given with such apparent malignity towards the plaintiffs' attorneys in the action in which the answer was served, as very materially to detract from his credit as a witness, and in addition to that he was so effectually impeached by proof of his bad character, that even William N. Loew does not insist upon his statement as reliable. What he swore to may be practically regarded as out of the case, affording for that reason no support whatever to the respondent in this statement as a witness. And to the respondent himself some evidence of that general nature was given, but not of itself sufficient to amount to an actual impeachment. But George and Julius Langbein, and their clerk who copied the answer before it was returned, and whose characters were in no way assailed, each testified positively that the omitted clause was not in the verification, and that no erasure whatever appeared on the paper. This, with the extent of the erasure, was sufficient to show that Infeld must have been mistaken in his recollection that the clause was added before the copy answer was served, and so renders it highly probable that the erasure upon the paper was made by William N. Loew, after he received it from Lowenthal, as Levy said he did, and before he produced it in the marine court on the application there made by him.

It is true that the denial of William N. Loew cannot be excused on the ground of mistake. But as it was improbable

from the extent of the erasure that it could have contained the omitted clause, and the evidence given to show its absence from the verification when the answer was served and returned was so direct and positive by these unimpeached witnesses, his statement was completely disproved . and overthrown. There was very good reason for believing not only that the clause had been omitted and the erasure afterwards purposely made by William N. Loew for the fraudulent purpose alleged, but that he afterwards swore intentionally false for the purpose of shielding himself from its natural consequences. Both the referee and the marine court, at general term, have adopted and expressed this view of the case. And there seems to be no escape from it in any rational view which can be taken of the evidence and the facts established by it. The conclusion is one which it would be agreeable to avoid if that could be reasonably done. But as the case stands there appears to be no other reasonable alternative, and as long as that is the fact the application should be allowed to prevail, for it clearly presents a case of such misconduct as is within the statute upon this subject. That provides that attorneys and counselors may be removed, or suspended, who shall be guilty of deceit, malpractice or misdemeanor (1 *R. S.* [*5th ed.*], 400, *sec.* 82). And the respondent's conduct has been placed by the proof within the fair import of those terms (*Matter of Percy*, 36 *N. Y.*, 651, in which it was held that general bad character was sufficient to justify expulsion from the legal profession). The evidence presents a case of deceit and malpractice of a very gross description, and for that nothing less can consistently be done than the direction of an order that the name of William N. Loew be stricken from the roll of attorneys and counsellors of this court, and that he be disqualified from practicing as such, and that his license be surrendered to the clerk of this court, and canceled, and that he pay the costs and expenses of this application.

DAVIS, P. J., and DONOHUE, J., concurred.

Motion granted with costs and expenses accordingly.