In THE MATTER OF HENRY BREWSTER, AN ATTORNEY, ETC.

*Proceedings to disbar an attorney — how instituted.*

All proceedings to disbar or suspend attorneys, unless brought to the attention of the General Term by the order of some other court sending there for investigation some alleged misconduct or misdemeanor of an attorney, should originate in the action of the General Term itself.

Attorneys or parties are not at liberty to commence such proceeding by motion and notice.

Any person who desires such an investigation should, in the first instance, present to the court affidavits, or other authenticated papers, for its examination preliminary to any proceeding.

MOTION noticed at the General Term, *In The Matter of Bernstein, an Attorney, etc.*, requiring the respondent to show cause why his name should not be stricken from the list of attorneys and counselors for certain alleged misconduct.

DAVIS, P. J.:

This proceeding was quite irregularly commenced. Unless brought to the notice of the General Term by the order of some other court sending to this court for investigation some alleged misconduct or misdemeanor of an attorney, all proceedings to disbar or suspend attorneys and counselors should originate in the action of the court itself. Attorneys or parties are not at liberty to commence such proceedings by motion and notice. But every person who desires such an investigation should, in the first instance, present to the court affidavits or other authenticated papers for its examination preliminary to any proceeding. (*Anonymous*, 22 Wend., 656; *In re Peterson*, 3 Paige, 510; *In re John Percy*, 36 N. Y., 651.)

The court will, in all cases, give careful examination to the charges, and if satisfied of their probable truth, and that they are of sufficient importance to call for answer and investigation, will institute the proceedings of its own motion, in the form prescribed and required formerly by the Revised Statutes, and now by the Code of Civil Procedure. (1 R. S., 109, § 24 *et seq.*; §§ 67 and 68, Code of Civil Procedure; *In re Percy*, 36 N. Y., 651; *Ex parte Robinson*, 19 Wallace, 508.)

In no other way can the reputation of attorneys and counselors be protected from the improper assaults of interested or malicious persons. It is the duty of the court scrupulously to guard against such attacks, and for that reason departures from the correct and safe practice will not be tolerated.

It is not, however, to be understood from any thing said herein, that the court will not promptly heed all orders of other tribunals, making to this court reports or charges of misconduct on the part of attorneys or counselors, committed before those tribunals or in proceedings pending before them. Such reports will in all cases receive immediate and careful investigation at the hands of the General Term, as they have always heretofore done.

In this case an attorney gave notice of a motion on behalf of his

client, for an order that the respondent show cause why an order should not be made striking his name from the roll, for certain alleged acts of misconduct set forth in the papers; and the papers on which the motion is founded, and those made in opposition, have been submitted to the court. The motion ought properly to be dismissed for irregularity.

But we have carefully read all the papers presented by both parties and are fully satisfied that the charges are without foundation. The answering affidavits fully meet, explain and exculpate the respondent from the charges of misconduct, in a manner so satisfactory that we feel it our duty, without considering the irregularity of the proceedings, to dismiss the charges on the merits.

BRADY and DANIELS, JJ. concurred.

Charges dismissed.