THE ROCHESTER BAR ASSOCIATION, Respondent, *v.* JOHN F. DORTHY, Appellant.

ATTORNEY — REMOVAL FROM OFFICE.    The Appellate Division of the Supreme Court has power (Code Civ. Pro. § 67) to disbar an attorney for professional misconduct, without regard to the fact of possible or pending indictment.    If the charge involves a felony or a misdemeanor entirely distinct from the party's professional action, the court will stay its hand until the criminal trial has taken place; but if the charge involves professional misconduct, the fact that some of the acts complained of are felonies and indictment may follow, is no reason for staying the proceeding to disbar.

*In re Dorthy*, 8 App. Div. 611, affirmed.

(Argued March 15, 1897; decided April 20, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1896, disbarring John F. Dorthy, an attorney of the court, and revoking the license granted to him to practice as an attorney and counselor at law.

The facts, so far as material, are stated in the opinion.

*John Van Voorhis* for appellant.    It was error for the Appellate Division to disbar Mr. Dorthy for crimes before he had been tried for those crimes by jury.    (*Anonymous*, 5 B. & Ad. 1088; *Anonymous*, 3 N. & P. 389; 2 Dowl. P. C. 110; *Stephens* v. *Hill*, 10 M. & W. 28; *Ex parte Wall*, 107 U. S. 280; *Steinman* v. *Hensel*, 95 Penn. St. 220; *State* v. *Chapman*, 11 Ohio, 430; *Anonymous Case*, 2 Halst. 162; *Ex parte Fisher*, 6 Leigh, 619; *Beene* v. *State*, 22 Ark. 146; *In re Eldridge*, 82 N. Y. 167.)    "Crime" is defined by the Revised Statutes to be: "Any offense for which any criminal punishment may by law be inflicted."    (2 R. S. [Edm. ed.] 726, § 32; Code Crim. Pro. § 4.)

*Edward Harris* for respondent.

BARTLETT, J.    In June, 1895, the Rochester Bar Association preferred charges against the defendant and presented them to the General Term.

The defendant having interposed a general denial, an order was made appointing a referee to take evidence and report the same, with his opinion thereon. The referee took a large amount of evidence and reported the same to the court, without any opinion.

The Appellate Division, after considering the referee's report and hearing counsel for the complainant and the defendant, made an order disbarring the latter, and revoking his license to practice. From that order this appeal is taken, and we are asked to review the questions of law and fact presented by the record.

Eight distinct charges are made against the defendant, as an attorney of the Supreme Court of the state of New York.

As to the first charge, the referee reported that, in his opinion, the evidence was insufficient to establish it.

In view of the very grave character of this proceeding and the serious consequences involved, we have examined the record with the greatest care in order to be satisfied that the defendant had a fair hearing and was convicted upon evidence that clearly justified such a result.

After this investigation, we are of opinion that the court below could not properly have reached any other conclusion than it did.

The Appellate Division adjudged the defendant guilty of the seven acts of deceit, malpractice and crime in manner and form as the same are fully set forth in the referee's report.

The learned counsel for the defendant is in error in supposing that this implies that all the charges have been practically treated as one.

We have taken, as the court below doubtless did, each of the seven charges upon which the conviction rests and treated it as if standing alone, and have brought together from a voluminous and confused record the proofs bearing thereon in order to decide if it had been duly and separately established.

It would be impossible within the proper limits of an opinion to consider each of the seven charges in detail, and such a course would serve no good purpose under the circumstances.

It suffices to say that we find that each of them was duly proved and discloses a story of professional misconduct painful to contemplate.

We have examined the exceptions and find no prejudicial error, and will refer to but one of the legal questions argued by the defendant's counsel.

Prior to the argument before the Appellate Division the defendant filed with that court a notice and affidavit to the effect that he claimed the right to be tried by a jury on those charges that involved a felony before the court could take any action thereon by way of disbarring him.

This point does not appear to have been taken before the referee at the opening of the reference or at any time during the trial, but we shall treat it as seasonably made, although not referred to in the opinion of the Appellate Division or the printed brief of the complainant submitted on this appeal.

The counsel for the defendant seems to lose sight of the distinction that runs through the English and American cases that the court is at liberty to strike from the rolls the name of an attorney for professional misconduct, without regard to the fact of possible or pending indictment.

If the charge involves a felony or a misdemeanor entirely distinct from the defendant's professional action, it has been repeatedly held that the court will stay its hand until the criminal trial had taken place.

This may be very well illustrated in the supposed case of a member of the bar being accused of murder, or arson or burglary, and resting under indictment. In such a condition of affairs the court would await the result of the criminal trial, and, under the law of this state, if conviction followed, the defendant would *ipso facto* cease to be an attorney and counselor at law, or to be competent to practice. (Section 67, Code of Civil Procedure.)

Section 67 of the Code of Civil Procedure regulates the proceedings now under consideration and reads as follows:

" § 67. An attorney and counsellor, who is guilty of any deceit, malpractice, crime or misdemeanor, or who is guilty of

any fraud or deceit in proceedings by which he was admitted to practice as an attorney and counsellor of the courts of record of this state, may be suspended from practice, or removed from office, by the Appellate Division of the Supreme Court. Any person being an attorney and counsellor at law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor at law, or to be competent to practice law as such. Whenever any attorney and counsellor at law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted, shall, by order of the court, be stricken from the roll of attorneys. Upon a reversal of such conviction, or pardon by the president of the United States or governor of this state, the Appellate Division shall have power to vacate or modify such order of disbarment."

The rule which we have adverted to is very well illustrated in England by the case of *Stephens* v. *Hill* (10 M. & W. 28) where Lord Abinger wrote the opinion. He says: "I never understood that an attorney might not be struck off the roll for misconduct in a cause in which he was the attorney, merely because the offense imputed to him was of such a nature that he might have been indicted for it. So long as I have known Westminster Hall, I never heard of such a rule as that; but in the case of applications calling upon an attorney to answer the matters of an affidavit, I have known Lord Kenyon, and also Lord Ellenborough frequently to say, you cannot have a rule for that purpose, because the misconduct you impute to the man is indictable; but you may have one to strike him off the roll. Now, an attorney who has been guilty of cheating his client, or the opposite party, in such a manner as to render himself indictable, is unfit to be allowed to remain on the roll, or to practice in any court; and I see no objection, on principle, to the court's removing him at once from it. If, indeed, he were called on to answer the matters of an affidavit he would, by not complying, be guilty of a con-

tempt for which he might be punished by attachment, and if the offense imputed to him were of an indictable nature, it would be most unjust to compel him to do so, for which reason a rule to answer the matters of an affidavit is never granted in such a case, but only a rule to strike him off the roll, which gives him a full opportunity of clearing himself from the imputation, if he can, while, on the other hand, it does not compel him to criminate himself."

This quotation from the opinion of the learned chief baron makes perfectly clear the practice in the English cases.

Where professional misconduct was involved the rule upon affidavit was denied; but the rule to strike an attorney from the rolls, being a proceeding where he was not required to make any statement under oath himself, was always granted without regard to the possibility that a criminal indictment might follow upon the same state of facts.

The English cases cited by the defendant's counsel do not conflict with this general rule.

The Supreme Court of the United States in *Ex parte Wall* (107 U. S. 265) made a most exhaustive examination of the question we are now considering.

In that case a member of the Florida bar, during a term of the United States court, assisted a mob in taking from the jail a prisoner who was about to be tried, and hanging him to a tree in the court house yard.

Upon due complaint the United States district judge ordered Wall to show cause why his name should not be stricken from the roll of attorneys.

After a hearing in the proceeding, which included the taking of evidence, the name of Wall was stricken from the roll of attorneys. The point was taken for the defendant that he was not acting in his character as an attorney when he committed the act complained of.

The court, however, held, Judge Field dissenting, that the character of the act was such as to denote a gross want of fealty to the law and repudiation of legal government.

The court, in the prevailing opinion, says: "No respect for

the dignity of the government as represented by its judicial department was even affected; the judge of the court, in passing in and out of the place of justice, was insulted by the sight of the dangling corpse. * * * We have no hesitation as to the character of the act being sufficient to authorize the action of the court."

Judge Field placed his dissenting opinion upon the ground that "to disbar an attorney for an indictable offense not connected with his professional conduct, before trial and conviction, is also to inflict an additional wrong upon him. It is to give the moral weight of the court's judgment against him upon the trial on an indictment for that offense."

The learned dissenting judge was evidently of opinion that the act complained of did not concern the defendant in his professional relations to court or client, while his associates entertained the contrary view. The majority opinion distinctly recognized the rule that where an attorney commits an indictable offense in a transaction not involving his character as attorney, and does not admit the charge, the court will not strike his name from the roll until he has been regularly indicted and convicted. It also restated principles that are very familiar to the effect that the proceeding to disbar is not criminal, and is not intended for punishment, but to protect the court from the official ministration of persons unfit to practice as attorneys therein; that such a proceeding is not an invasion of the constitutional provision, that no person shall be deprived of life, liberty or property without due process of law, but that the proceeding itself, when instituted in proper cases, is due process of law.

The general principle we are considering is recognized in *Percy's Case* (36 N. Y. 651), Judge Grover writing the opinion of the court. An order of disbarment had issued and the defendant appealed.

The charges against the appellant were that his general reputation was bad; that he had several times been indicted for perjury, one or more of which indictments were still pending; that he was a common mover and maintainer of

suits on slight and frivolous pretexts, and that his personal and professional reputation had been otherwise impeached in a trial at the Circuit.

The defendant Percy was convicted upon all the charges, and it was insisted, among other points in his behalf, that the court had no right to call upon an attorney to answer charges of this description for the reason that it compels him to give evidence against himself.

Judge GROVER said: " The answer to this is that the party is not compelled to be sworn at all, unless he chooses. He may introduce his other evidence, tending to show his innocence, and submit the matter to the court without having sworn."

We are of opinion that all of the charges upon which the defendant stands convicted involve professional misconduct, and if it be true that some of the acts complained of are felonies and indictments may follow, it is no reason why this proceeding should be stayed.

We discharge an unpleasant duty in affirming this order of disbarment, but our obligation to a learned and honorable profession to maintain its standard of conduct and character above reproach leaves us no alternative.

The order appealed from should be affirmed.

All concur.

Order affirmed.