In re BAUDER.

(Supreme Court, Appellate Division, Fourth Department. October 7, 1908.)

1. ATTORNEY AND CLIENT (§ 42*)—DISBARMENT—DEFENSES.

Disbarment proceedings on the charge of making sham answers and false affidavits in legal proceedings wherein the attorney was himself a party litigant cannot be defended on the ground that in such proceedings he acted for himself and not for another.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. § 42.*]

2. ATTORNEY AND CLIENT (§ 38*)—DISBARMENT—PURPOSE.

In disbarment proceedings, the question is not merely one of discipline or punishment, but primarily the attorney's fitness to continue to practice as an attorney and counselor of the courts.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

Petition by the Erie County Bar Association for the disbarment of George N. Bauder. Motion to confirm the referee's report and for an order of disbarment. Report confirmed, and order granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Carlton E. Ladd, for petitioner.
M. Fillmore Brown, for defendant.

PER CURIAM. The Bar Association of Erie County presented to this court formal charges in writing against the defendant. An answer was interposed, and the matter referred to a referee, to take

proof and report the same, with his opinion thereon, to this court. A hearing was had before the referee, who has made and filed his report, together with the evidence taken upon such hearing. The referee makes specific findings of fact and reaches the conclusion that substantially all of the charges have been proved. We deem it unnecessary to restate here in detail the charges or enter into an elaborate discussion of the evidence. It is sufficient to say that the evidence fully sustains the opinion of the referee, and that the charges are of so grave a nature as to require the disbarment of the attorney. The charges include the misappropriation of moneys collected for others and the making of sham answers and false affidavits in legal proceedings in which the attorney himself was a party litigant.

As regards the latter charges, it is contended that the court is without jurisdiction to disbar an attorney for an offense committed under such circumstances. The precise claim in that regard is, as stated by defendant's counsel in his brief, that a lawyer acts in a dual capacity, as an individual and as an attorney, and is answerable only to the civil and criminal courts for all matters concerning his individual rights; that only his professional misconduct is the subject of discipline in the Appellate Division. To uphold this contention he cites the case of Rochester Bar Association v. Dorthy, 152 N. Y. 596, 46 N. E. 835. We think that case does not aid the defendant. If the charges involve a felony or misdemeanor entirely distinct from defendant's professional misconduct, the court may stay proceedings until the criminal trial has taken place; but these charges are not of that character. The distinction which the defendant's counsel seeks to make between professional misconduct of an attorney in a legal proceeding in which he acts for himself and in one where he acts for another is not apparent, and, furthermore, there are no criminal proceedings pending against the defendant, and, as is said in the Dorthy Case, if it be true that some of the acts complained of are felonies, and indictments may follow, it is no reason why these proceedings should be stayed. This is not a criminal proceeding, and the question here is not merely one of discipline or punishment, but, primarily, the fitness of the defendant to continue to practice as an attorney and counselor of the courts of this state. In re Percy, 36 N. Y. 651; In re Eldridge, 82 N. Y. 161, 37 Am. Rep. 558; Rochester Bar Ass'n v. Dorthy, supra; Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552.

As regards the moneys appropriated, it should be said that the sums were small, and nearly all has been made good to the clients; but in several instances it was not done until after complaint had been made to the Bar Association, and it is quite clear that it was not a mere matter of inadvertence.

The report of the referee should be confirmed, and an order made disbarring the attorney.

Motion to confirm referee's report granted, and the said attorney removed from his office of attorney and counselor at law, and prohibited from practicing in the courts of this state, and his name ordered stricken from the roll of attorneys and counselors.