Per Curiam.

We are of opinion, that the affidavits, do not sufficiently support the charge of mal-conduct, but are rather to be considered as evidence of mistake, than of intentional error. • At least, the ground of removal was too slight for'a punishment so severe.
As to the second point. Before the revolution, the-power of appointing attorneys was exercised by the governor of the colony, whether justifiably or not it is immaterial to inquire. His power was recognized by the courts, and the attorneys admitted to practice. By the constitution of this state, the power of appointing-attorneys was .transferred to their respective courts. The constitution did, however, no more than to transfer or vest in the courts the power of appointment. The expression that they shall be governed by the rulés and orders of the court,, gives no additional authority over them, and they would have been equally subject to those rules and, orders, if the constitution had been silent in this respect. In like manner, the power of this court is not affected by the terms used in the constitution. N -
The constitutional .objection being removed, the general question remains, whether this court, possesses the- power of superintending- and- correcting all the judgments and proceedings of the- courts of common pleas in the respective counties. If so, It must have the power of correcting any abuse; *225 or injustice towards their officers. Most *of the rea- [*183] soning on the subject of the powers of the courts of' general sessions of the peace in the case already decided from Chenango, will apply to the courts of common pleas, and equally shows, that they are properly inferior courts, and subject to the control of this court.
The origin of the courts of common pleas and the history of their powers show, that they come within the same description. They were originally constituted by the style and title of inferior courts, and were in all respects considered as such. The amount of their jurisdiction was limited to 201. In local extent their jurisdiction was limited, as they could try no action arising out of the county. It is true, that these powers have since been enlarged, but this has been done by express statutes, which do not alter the essential character of those courts: all their proceedings are still equally liable to be revised and corrected by this court. A writ of habeas corpus to remove actions before them, a writ of error, and of certiorari in some cases, a mandamus, prohibition and attachment may still issue from this court, which they are bound to obey. In short, they still retain almost every characteristic of an inferior court.
On the argument, they were compared to the common pleas in England, but the resemblance is in name only, and were, they considered in the same light, all the difficulties and inconsistencies with regard to our jurisprudence, and the administration of justice which were mentioned in the case of the sessions, would equally apply to them. In the present case, a striking instance of such inconsistency would appear. By the act of the legislature of this state, if a court of common pleas remove an attorney from office, he cannot be admitted to practice here, although he should also be an attorney of this court. If, therefore, we could not revise the proceedings of the courts of common pleas in this respect, they might disqualify any attorney of this court, and however unjust it might be, it would not be in our power to afford relief. #This would indirectly give *184] *226 them the power of superintending and controlling the officers of this court/
We are, therefore, of opinion, that we have the power to interfere, and considering it a proper case for .the, interference of this court, it.is ordered that a mandamus do issue.
Rule made absolute.(a)

 “ In the case of The People ex rel. Strong v. The Justices of the Common Pleas of Otsego, the same questions arose, and were decided in the1 same manner.” (Old note.) The principle of the decision in the principal case is judged by-Senator Tracy to be somewhat doubtful and utterly irreconcilable with Commonwealth ex rel. Breckenridge v. Judges of C. P. of Cumberland County, 1 Serg. & Rawle. 187, except it be placed wholly upon the last ground stated by the court. In this cáse the court refused a mandamus to compel a court of common pleas to- proceed to examine a person applying to be admitted as an" attorney, notwithstanding the supreme court was satisfied that he came within the rule of the common- pleas. ■ Their refusal -was put on the ground that the admission of an attorney is not a ministerial, but a judicial act,, and therefore not the subject, of the writ of mandamus. Tracy, senator, 18 Wend. 93, 95,96. See note to Fish v. Weatherwax, infra, vot. S, 215.