## The State of Iowa v. Start.

In order to revoke or suspend the license of an attorney, chapter 95 of the Code requires that there should be an accusation and charges—a notice and a day in court; and it cannot be done summarily by order of the court.

*Certiorari to the Des Moines District Court.*

### Monday, April 4.

This was a proceeding for contempt.   William Graydon & Co. sued out a writ of attachment against the firm of Start & Gaddis, consisting of John Start and Alfred Gaddis, and caused an attachment to be levied on the goods in their store-room, and an iron safe which was there, with its contents.   It appears that the sheriff was unable to obtain the key of the safe, so as to get possession of its contents, and a rule was granted upon the defendants, with S. E. Start, requiring and ordering them to deliver the key to the sheriff, that he might take an account of the contents, and attach them, if they were of a nature to be subject to that process.   It does not appear in what relation S. E. Start stood to the defendants, save that, in an affidavit of one of the plaintiff's attorneys, he is stated to be one of the defendants' attorneys.   In the final order of the court, it appears that he was a member of the bar.

In answer to the rule, J. Start and Gaddis answered severally, that they had not the possession, nor the control of the key; that the safe was the property of S. E. Start,

who had the control of it; and that they were unable to comply with the order of the court. S. E. Start answered, claiming property in the safe, and also stating that he had been garnished by the plaintiffs in this same suit. The record further shows that he stated in open court, that he had possession of the key, but refused to deliver it.

The final order recites that the said Start is a member of the bar of that court, and that, being present in court, and answering to the said rule, he informed the court that he then had possession of the key, and stated that he would not obey the rule, and deliver the key to the sheriff, as required. And it appearing that his health would be impaired, if he were committed to the jail of the county until he complied with the order, the court imposed a fine of ten dollars upon him; and further directed that his license to practice law as an attorney, be suspended until he should deliver the key to the sheriff, and otherwise obey the order of the court as in the record referred to.

*S. A. Rice*, (Atty. General), for the State.

*C. Ben Darwin*, for the defendant.

WOODWARD, J.—The defendant seeks a reversal of the order of suspension from the practice of law as an attorney, and assigns this order as error, and also, that none of the proceedings, as prescribed by chapter ninety-five of the Code, for the revocation or suspension of an attorney's powers, as such, were observed. In order to revoke or suspend the license of an attorney, the law, (Code, chapter 95), requires that there should be an accusation and charges—a notice, and a day in court; and it cannot be done summarily, by order of the court. He is entitled to be heard. The court has authority to punish summarily for contempt, in certain cases, by means of fine and imprisonment, but to disbar, or suspend one as an attorney, the course directed in the statute should be followed.

Therefore, we are of opinion that the court erred in this part of the proceedings, and the order suspending the respondent from his practice as an attorney, must be reversed.