THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione*
GEORGE H. CUTLER

*v.*

GEORGE E. FORD.

ATTORNEY AT LAW—*mal-conduct in office.* An attorney at law obtained a sum of money from a person, on his representation that the latter had title to a certain tract of land, which, the attorney stated, was in a high state of cultivation, had valuable improvements upon it, and was worth $15,000, and representing that the money was required to refund taxes which had been paid by the party in adverse possession, before suit could be commenced. He afterwards attempted to get more money, on his statement that he had commenced suit for the land, and that a larger amount of taxes had been paid than he supposed. On investigation, it was found all these representations were false, and made for the purpose of cheating the party out of his money, which the attorney refused to return. This was held to be the grossest mal-conduct in office, on the part of the attorney, and his name was stricken from the roll.

RULE on an attorney at law, to show cause why his name should not be stricken from the roll.

The opinion of the court states, substantially, the facts on which the rule was entered.

Mr. HENRY B. EASTMAN, for the relator.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a rule against George E. Ford, an attorney of the supreme court, to show cause why his name should not be stricken from the roll of attorneys.

The rule was based upon an affidavit, in the nature of an information, filed in this court by George H. Cutler, the relator, and, though duly served on the defendant, he has made no answer.

The facts, as stated in the affidavit are, that one Sarah Jones, in the spring of 1870, applied to Cutler and Hinds, attorneys at law in Erie county, Pennsylvania, in reference to her interest in certain lands in Pike county, Illinois, and they commenced a correspondence with the defendant in regard to the title and value of the land, and defendant informed them that he had made a thorough examination of the title, and ascertained the same to be in Sarah Jones, and the value of the lands to be $15,000.

Defendant further stated to the relator, in a personal interview, that he knew the land; that the same was in a high state of cultivation, and had on it valuable improvements; and that, prior to the commencement of a suit to recover the land, $900 should be deposited with the clerk of the circuit court of Pike county, to be used in the re-payment of the taxes paid by the party in possession; that defendant proposed to advance one-half of the amount, and Cutler agreed to pay the other half, and did give to defendant fifteen dollars at the time.

Cutler then returned to Pennsylvania, and forwarded to defendant $450, which was received by him, and he promised to commence suit and deposit the money as agreed on.

In May or June, 1870, defendant wrote to Messrs. Cutler & Hinds, that he had been on the land; had seen the parties in possession; had tendered them $1150; that they were anxious to compromise; that he had commenced suit for the recovery of the land; and that he had made a mistake in the amount of back taxes, and that $125 more must be sent to him.

Having received this information, Mr. Cutler again visited Illinois, and examined the records of Pike county, and made inquiry as to the value of the land, and found that no suit had been instituted by the defendant; that Sarah Jones had no shadow of title to it; that its value was from twenty to fifty cents per acre; and that it was bottom land on the Mississippi river, subject to annual overflow, without any improvement, and almost wholly worthless.

Demand was made upon the defendant for the money advanced to him. He refused to return it, and replied to Mr. Cutler, " I'm responsible for it; crack your whip for it."

The facts, unexplained and unanswered, show the grossest mal-conduct in office, on the part of an attorney and counselor at law. They develop a delinquency abhorrent to every honest man. They reveal a wicked intent, and disclose the use of falsehood for the base love of gain.

The lawyer assumes high duties, and has imposed upon him grave responsibilities. He may be the means of much good or much mischief. Interests of vast magnitude are entrusted to him; confidence is reposed in him; life, liberty, character and property should be protected by him. He should guard, with jealous watchfulness, his own reputation, as well as that of his profession.

The defendant has neglected his duties, betrayed confidence, practiced deceit, and turned recreant to virtue. He has not alone degraded himself—he has tarnished the fair fame of a profession always esteemed honorable.

He should no more be permitted to minister in the temples of justice. His name should no longer be enrolled in the list of those who scorn meanness and abhor falsehood.

He who has not an instinctive and unswerving love for truth and honor, is not the faithful lawyer.

It is, therefore, ordered, that the rule against the defendant be made absolute, and that the name of George E. Ford be stricken from the roll of attorneys in the State of Illinois.