# THE PEOPLE *ex rel.* EBENEZER NOYES

*v.*

# FRANCIS A. ALLISON

1. ATTORNEY AT LAW—*striking name from roll.* Upon an information to have the name of an attorney at law stricken from the roll, charges affecting his character as a man, or integrity as a private citizen, will not be considered. For misconduct not in his official capacity as an attorney, redress must be sought by suit in the ordinary mode.

2. SAME—*charge of refusing to pay over money collected.* On a charge against an attorney for refusing to pay over money collected by him, it appeared that the money had long before been paid to the party entitled, who had made no complaint, and that there was a dispute as to the attorney's fee: *Held,* that if the party to whom the money belonged was satisfied, it was no concern of the relator, who was a stranger.

3. SAME—*laches in filing information.* The law does not favor informations against attorneys at law after the lapse of a great length of time from the commission of the acts complained of. In analogy to the limitation of prosecutions for misdemeanors, there ought to be a limit to the time for filing such informations.

4. SAME—*sufficiency of charges against.* A specification in an information against an attorney that he took " legal papers belonging to the files of the circuit court of Coles county." is entirely too indefinite. A charge so grave ought to be stated with sufficient particularity to enable the accused to make his defense.

5. SAME—*charges in information alone considered.* On an information against an attorney at law, he can only be tried on the charges contained in the information. Other charges in the affidavits filed with it will not be considered.

This was an information filed in this court by Ebenezer Noyes, against Francis A. Allison, for a rule upon the latter to show cause why his name should not be stricken from the roll of attorneys of this State. The facts material to an understanding of the case appear in the opinion.

Mr. THOS. S. CASEY, for the relator.

Mr. FRANCIS A. ALLISON, *pro se.*

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The information filed in this cause contains but two charges that affect the character of the respondent as an attorney at law. First, he collected money for a client by the name of Valentine, and refused to pay it over to him; and second, he abstracted a paper or papers from the files in a cause in the circuit court of Coles county.

Relator seeks to charge the respondent with bad conduct in regard to obtaining the title and possession of a tract of land claimed by relator and respondent, also with violating an injunction that had been issued in the progress of the litigation between them, and also with having conveyed lands and received large sums of money for the same, informing the parties he had a good title thereto, when he had nothing but a tax title, which was wholly invalid.

Respondent, in his answer, denies the charges against him as an attorney, and those affecting his integrity as a private citizen. We have not sought to determine whether the latter class of charges has been sustained by the proof in the record. If respondent has been guilty of the misconduct alleged against him in his private character, and not in his official capacity as an attorney, relief can only be obtained by a prosecution in the proper court, at the suit of the party injured. He can not be tried on motion in this summary manner.

In regard to the charge that respondent, acting as an attorney, collected money for Valentine, and refused to pay it over, we may say that Valentine is not complaining, and it does not appear but what the money has long since been paid. Respondent, in his answer, shows there was a dispute between him and his client as to the amount of his fees, and the evidence shows there was a judgment rendered against him for the amount found due in 1866. Valentine has since made no complaint that the money has not been paid, and if he is satisfied, the relator need not concern himself about the matter.

There is another view that may be taken of this charge. Nearly seven years have elapsed since the alleged misconduct. No explanation is given for the delay, and the law will not favor the institution of prosecutions of this character after the lapse of such a great length of time. The charge is a serious one, and if respondent should be found guilty the consequences would be most disastrous. The party whose rights are injuriously affected by conduct of the character alleged, ought to be required to exhibit his information within a reasonable time, that the attorney implicated might be afforded an opportunity to make his defense while testimony for that purpose could be had. In analogy to our statutes which bar prosecutions for misdemeanors, there ought to be a limit as to the time in which informations could be filed.

The other specification in the information, viz: he took "legal papers belonging to the files of the circuit court of Coles county," is entirely too indefinite. No time is stated, and even the title of the case is not given from which it is alleged respondent purloined the papers. A charge so grave in its nature ought to be stated with sufficient particularity to enable the accused to make his defense.

The affidavits filed in the cause tend to show respondent has been guilty of improper conduct in regard to other matters not set forth in the information. That, however, is

immaterial so far as this prosecution is concerned. He can only be tried in this proceeding on the charges contained in the information.

The rule must be discharged.

*Rule discharged.*