## MATTLER *v.* SCHAFFNER ET UX.

ATTORNEY.—*Proceeding to Disbar.—Jurisdiction.—Construction of Statute.*— The provision of the code, section 777, 2 G. & H. 329, that "any court of record may suspend an attorney from practising therein" for causes there stated, means that any court of record *having jurisdiction* may suspend an attorney from practising therein for such causes.

SAME.— *Criminal Circuit Court.*—A court having jurisdiction of criminal actions alone, as the Marion Criminal Circuit Court, cannot suspend an attorney from practice at the suit of a person from whom said attorney has obtained money to pay a fine and costs adjudged against another, which the attorney has not so used and refuses to restore to the plaintiff.

From the Marion Criminal Circuit Court.

*J. S. Harvey, S. A. Huff* and *J. W. Nichol*, for appellant.

BIDDLE, J.—This is a proceeding, on complaint of the appellees, against the appellant, as an attorney, praying that he may be disbarred from the practice of the law.

The charge is, that the appellant obtained money, to the amount of one hundred and seventy-six dollars, from the said Mary Schaffner, under the fraudulent promise that he would pay a certain fine and costs, which had been adjudged against Jacob Schaffner, the husband of Mary; that he never paid said fine and costs, or any part thereof, and refused to restore the money to said Mary on demand; in consequence of which dereliction certain real property belonging to said Mary was sold at a sacrifice, to pay said fine and costs. The appellant was ruled to appear and show cause why he should not be disbarred, as prayed. He appeared and moved to dismiss the cause for want of jurisdiction in the court, it being solely a criminal court, to try the case. His motion was denied, and exception taken. Proceedings were then had, by which he was suspended from practising his profession as an attorney at law in the courts of this State, for the term of five years. Appeal.

Had the Marion Criminal Circuit Court jurisdiction over the subject-matter and the person of the appellant? This is the controlling question in the case.

The proceeding was brought under section 779, 2 G. & H. 329, and jurisdiction over the case claimed under section 777, which enacts, that "any court of record may suspend an attorney from practising therein for any of the following causes;" then follows a statement of the causes. The Marion Criminal Circuit Court was established by the act of December 20th, 1865, 3 Ind. Stat. 172, section second of which enacts, that it "shall be open, at all times, for criminal trials, and shall try criminal actions alone, as provided by law for criminal circuit courts." The charge against the appellant is not a "criminal action" of any kind. It does

not amount to a crime or misdemeanor, or an offence of any kind, which could be prosecuted criminally, either by indictment, information, affidavit, summarily, or in any form or manner known to the criminal law.

It is a well settled principle, that inferior courts have no jurisdiction, except such as is expressly granted or necessarily implied, and which must be strictly construed. *White* v. *Conover*, 5 Blackf. 462; *Mossman* v. *Forrest*, 27 Ind. 233; *English* v. *Smock*, 34 Ind. 115. The law governing the jurisdiction of superior and inferior courts was most happily stated in *Peacock* v. *Bell*, 1 Saund. 73, and approved by this court in *The Board of Commissioners, etc.,* v. *Markle*, 46 Ind. 96, in the following words:

"That nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged."

Our criminal courts have been held to be inferior courts, under the constitution, in the same sense as the courts of common pleas are so held. *Clem* v. *The State*, 33 Ind. 418. In the case of *The State, ex rel. Wildman,* v. *The Board, etc.,* 49 Ind. 457, this court held the words, "in any court in this State," as used in a statute, to mean, "in any court in this State having jurisdiction."

So we must hold the words used in section 777, 2 G. & H. 329, that "any court of record may suspend an attorney from practising therein for any of the following causes," to mean that any court of record having jurisdiction may, etc.; and we cannot look to this section to ascertain the jurisdiction of the Marion Criminal Circuit Court, for the later act, which creates it, expressly declares that it "shall try criminal actions alone." This prosecution not being a criminal action, it follows that the Marion Criminal Circuit Court had no jurisdiction; and it having no jurisdiction, the proceedings are *coram non judice* and void. *Taylor* v. *Con-*

*ner*, 7 Ina. 115; *Reams* v. *The State*, 23 Ind. 111; *English* v. *Smock*, 34 Ind. 115.

Doubtless, the Marion Criminal Circuit Court has the inherent power, incident to all courts of record, to punish for contempts towards itself, its process or authority, and to fully protect itself in the exercise of its judicial power, by fine, costs, and imprisonment, and, possibly, in an extreme case, might disbar an attorney for gross misconduct from practising his profession before it, even without an express statute; but such power or authority is clearly distinguishable from the proceeding before us, which is not in the form of a state prosecution, by making the State the prosecuting plaintiff, but is in the name of a private person, whereby the attorney, for general misconduct in his duty, not particularly towards the court, its process, or authority, may be suspended from practice in any of the courts of the State, and which may result in the recovery of a money judgment against the attorney, and in favor of the complaining party.

The judgment is reversed; cause remanded, with instruction to dismiss the proceeding.