Ex Parte Walls.

---

## Ex Parte Walls.

Attorney.—*Proceeding to Disbar.—Criminal Prosecution.*—A proceeding to disbar an attorney for the commission of a crime may precede a criminal prosecution therefor.

Same.—*Forgery of Affidavit.—Professional Misconduct.*—An attorney who forges and files in court an affidavit for, and thereby obtains, a change of

the venue of a cause therein pending, thereby violates clause 4 of section 771, 2 R. S. 1876, p. 304, and may be disbarred therefor.

SAME.—*Surprise.*—*New Trial.*—Where, on the trial of a proceeding to disbar an attorney for such misconduct, the person whose name appears as the affiant testifies denying that he made or signed such affidavit, the defendant can not, on the ground that he was surprised at such testimony, obtain a new trial.

SAME.—*Burden of Proof.*—*Mistake.*—*Admissions*—*Instructions to Jury.*—An admission by the defendant in such proceeding, in a statement of his defence, made by him to the jury, that he had prepared and filed the affidavit as charged, but that, by his mistake, the name signed to the affidavit, instead of the name of the real affiant, was attached thereto, makes out a *prima facie* case against him, and shifts the burden of proof, as to the mistake, to him, and it is proper to so instruct the jury.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Surprise.*—*Diligence.*—A motion for a new trial on the ground of newly-discovered evidence or surprise should be denied, where, from the motion or the evidence, it appears that the applicant did not use due diligence to procure the evidence or to avoid the surprise.

From the Boone Circuit Court.

*C. S. Wesner, S. H. Buskirk* and *J. W. Nichol*, for appellant.

*T. J. Terhune,* for appellee.

PERKINS, J.—This was a proceeding against William B. Walls, an attorney at law, to disbar him from practising as such.

Thomas J. Terhune, Esq., was duly appointed by the judge of the Boone Circuit Court to file charges against Walls, said Terhune being a practising attorney in that court. The verified charge was, in substance, that Walls had forged, and used as genuine in the court, an affidavit for a change of venue in a cause pending in said court.

This cause was tried before Hon. Thomas B. Ward, as special judge. A demurrer to the charge was overruled, and exception entered.

Answer in general denial; trial by jury; verdict, as follows:

" We, the jury, find that the material allegations of the

complaint are true, and that the defendant is guilty as charged in the complaint."

A motion for a new trial, by the defendant, based upon the following assigned causes, was overruled, and exception reserved:

"1.   That he was surprised at the testimony of William I. Sutton, given upon the trial of this cause, in this; that he confidently believed, until within one hour before the trial commenced, that the said William I. Sutton would swear that he made the affidavit for the change of venue for and on behalf of the said Jacob L. Green, that said affidavit had been read over to him, that he had made his mark thereto.   When he discovered that said Sutton would not so swear, he was then ignorant of any evidence by which he could prove the making of the affidavit by the said Sutton, and his admissions that he had so made said affidavit, and that, by reason of said ignorance, on his part, of the facts which he had since discovered, he did not apply for a continuance of the cause. And that defendant was further surprised at the evidence of the said William I. Sutton in this: that, immediately before the trial commenced, the said Sutton admitted that he paid this defendant three dollars at one time, when he testified upon the trial that he had, at no time, paid defendant three dollars, all of which facts fully appear in the affidavit of this defendant herewith filed.

"2d.   That the court erred in instructing the jury that the burden rested on the defendant to prove, by a preponderance of the evidence, that the name of Jacob L. Green was signed to the affidavit for a change of venue, instead of the name of William I. Sutton, by a mistake, when the court should have charged the jury that the burden of the the proof rested on the plaintiff, and that plaintiff should have proved, by a preponderance of the evidence that the defendant knowingly, wilfully and corruptly signed the name of the said Jacob L. Green to the said affidavit.

"3d. The court erred in charging the jury that, under the issues in this cause, the burden of proof shifted from the plaintiff to the defendant, upon the question as to whether the name of Jacob L. Green had been signed to the affidavit for a change of venue corruptly or by mistake.

"4th. That the defendant has, since the verdict was returned, discovered new, competent and material evidence for him, which he could not, with reasonable diligence, have discovered and produced at the trial, which will be made to appear by the affidavits of Nathaniel C. Titus, Ira Alexander, Richard M. Crouch and this defendant, herewith filed and made part hereof.

"5th. That the verdict of the jury is not sustained by sufficient evidence.

"6th. That the verdict of the jury is contrary to law."

The instructions to the jury were as follows:

"This is a proceeding instituted by direction of the judge of this court, against the defendant, for the purpose of suspending him, as an attorney, from the practice of the law. The complaint charges, in substance, that, at the September term, 1877, of this court, there was pending a certain cause wherein The Thorntown District Council of Patrons of Husbandry was plaintiff, and one Jacob L. Green was defendant; that the said defendant, Wm. B. Walls, was attorney for the said Jacob L. Green; that, for the purpose of misleading and deceiving the judge of this court, the said Walls, as such attorney, wilfully and corruptly prepared an affidavit for a change of the venue of said cause, and signed and forged the name of said Jacob L. Green to said affidavit, and attached his jurat, as notary public, to said affidavit, thereby certifying, under his official seal as notary public, that the said Green had signed and sworn to said affidavit, whereas, in truth and in fact, it is averred in the complaint, that the said Green never did sign said affidavit, and never was sworn to the same. It is fur-

ther averred in the complaint, that the said defendant, Walls, filed said affidavit in this court, and thereby procured an order for a change of the venue of said cause from the county, and thereby deceived and misled the judge of this court.

"The burden of the proof is on the prosecution, and it devolves upon the prosecution to prove every material allegation of the complaint, by a preponderance of the testimony, and unless this has been done to your satisfaction, you should find for the defendant; but, if you believe from the evidence that the said defendant, Walls, did prepare said affidavit as charged, did sign and forge said Green's name to it as charged, and did attach his jurat as notary public as charged, and did file said affidavit in this court, and thereby deceive and mislead the judge of this court, and procure an order for the change of the venue of said cause, then you should find the defendant guilty as charged in the complaint.

"The defendant, for answer, has filed a general denial of all the allegations of the complaint. He has admitted before you, in his opening statement, that he wrote said affidavit, that he signed the name of said Jacob L. Green to it, and that he attached his jurat, as a notary public, to said affidavit, but he claims, by way of defence to this action, that the name of said Jacob L. Green was written in the body of said affidavit, and subscribed to said affidavit, by him, the defendant, through mistake, and that the jurat, certifying that Green swore to said affidavit before him as notary public, was made through mistake; that, in truth and in fact, one William I. Sutton did sign said affidavit by his mark, and was sworn to said affidavit before the defendant as a notary public. I have already instructed you that the burden of the proof, as to the material allegations of the complaint, is upon the prosecution. If you believe, from a fair weight of the evidence, or from the ad-

missions of the defendant, or from both together, that the defendant did prepare said affidavit as charged, did sign Green's name to it as charged, and attach his jurat thereto as a notary public as charged, then the defence set up by the defendant, that the affidavit was prepared by defendant, and Green's name signed to it through a mistake, whereas, in truth, the said Sutton signed the same by his mark, and was sworn to it before the said defendant as a notary public, is affirmative, and the burden of proof, as to this distinct matter of defence, shifts from the prosecution to the defendant ; it devolves upon the defendant to maintain such affirmative defence by a preponderance of the testimony.

"I instruct you that this defence, if so made out to your satisfaction, is a good and perfect defence, and if you believe that said Sutton did sign said affidavit, by his mark, and was sworn to it by said Walls as a notary public, then you should find for the defendant."

The instructions were excepted to when given.

The errors assigned in this court are the following :

" 1.    The court erred in overruling the demurrer to the complaint ;

" 2.    The court erred in overruling the motion for a new trial ; ·

" 3.    The court erred in overruling the motion in arrest of judgment."

We proceed to consider the errors assigned

The court did not err in overruling the demurrer to the complaint, or charge, against the defendant.    It is enacted by statute, 2 R. S. 1876, p. 307, that a court may suspend an attorney from practising therein, "For a wilful violation of any of the duties of an attorney, as hereinbefore prescribed."

One of the duties of an attorney, " hereinbefore described," is :

" To employ, for the purpose of maintaining the causes

confided to him, such means, only, as are consistent with truth, and never seek to mislead the court or jury by any artifice or false statement of fact or law." 2 R. S. 1876, p. 304.

The position is taken by the learned counsel for the appellant, as we understand them, that, where the means employed to mislead the court, etc., constitute a crime, the guilty party must be convicted of such crime, in a prosecution therefor, on the part of the State, in a criminal court, before he can be disbarred, citing section 777 of the code, 2 R. S. 1876, p. 306. The criminal, counsel insist, must be prosecuted by indictment or information.

This is doubtless true, when he is prosecuted for the purpose of inflicting the punishment affixed by law to the conviction of the crime in such prosecution; but the proceeding to disbar an attorney is not such a prosecution. *Mattler* v. *Schaffner*, 53 Ind. 245. If one be sued upon a forged note, he may prove the forgery, to defeat a recovery in the civil suit; and punishment will not be inflicted on proof of the forgery in such civil suit, nor will the proceeding in the civil bar a criminal prosecution for the same forgery.

While, in this case, a conviction in a criminal prosecution would have authorized a disbarment, in addition to the infliction of the statutory punishment, we think the proceeding to disbar may precede the criminal prosecution, and the proof of the crime may be made in such proceeding, simply as showing a cause for disbarment.

We pass to the second alleged error assigned, viz., overruling the motion for a new trial. The grounds set forth in the written motion therefor are copied in the forepart of this opinion.

The first was surprise at Sutton's testimony, given on the trial of the cause, that he did not make the affidavit, etc., and that he had not, at any time, paid defendant three

dollars, etc. The fourth ground, which may properly be considered in connection with the first, was newly-discovered evidence.

The cause of his surprise at Sutton's testimony, the appellant states to have been, that Sutton did sign, and swear to, the affidavit for the change of venue, and supposed he would swear to the fact. But Sutton denies on oath, that he did sign, and swear to, that affidavit; and that, hence, he neither would, nor could have been expected to, testify that he did do so. And as to the newly-discovered evidence, supposing it shown that such has been discovered, no diligence is shown to have been used to discover it, in time for the trial; while it would seem from the facts disclosed, that the appellant must have had knowledge of it all the time, if it existed. At all events, it is clear, that a limited enquiry would have disclosed it to him.

On the trial of this cause the defendant, Walls, testified as a witness in his own behalf, touching the making of said affidavit, as follows:

" On the day the affidavit was made, Mr. Crouch and Mr. Sutton came to my office, in relation to the change of venue in said cause." (This was the 13th of September, 1877.) " * * * I prepared the affidavit, and read it over to Sutton, and he told me to sign it; I signed it and he made his mark to it; I swore Sutton to it, and attached my seal to it; he then gave me three dollars to pay expenses of the change; * * * I handed it to Lane, who placed the file mark on it; I handed Lane five dollars; he said he had no change, and handed it back; I thought no more about it till the ten days had expired; I then went to Mr. Cox or Lane, and spoke about perfecting the change, and it was found too late; the change had to be perfected in ten days. When I first heard that Green's name was to the affidavit, I denied it, for the reason that I intended to write Sutton's name to it; he told me to

sign his name, after he made his mark; I did not discover the mistake; * * * I did not prepare but one affidavit; my recollection is, that, at the time said affidavit was made, Crouch and Sutton came to my office together; my recollection is, that Crouch went out, and I prepared said affidavit, and read it over to Sutton; Sutton told me that he could not write, and asked me to write his name to the affidavit; my recollection is, that no one else was present when said affidavit was signed. I knew that Green could read and write; he made his own bill of particulars in the case of the Patrons of Husbandry against himself."

Richard M. Crouch testified.

" Sutton and myself came to Lebanon together, and went away together; he and I went to the law office of William B. Walls at the same time, and came away at the same time; I was in Walls' office all the time that Sutton was there; Walls and Sutton went in the back room of Walls' office a short time together; Sutton was paying him some money; they were not gone long enough to make an affidavit; I did not see any affidavit; I don't think Sutton, at that time, agreed to make the affidavit; Sutton did not make any affidavit that night; I don't recollect that any one else was present in Walls' office."

The above testimony was given on the trial of the cause.

In support of his motion for a new trial on account of newly-discovered evidence, he swore as follows, touching the time and manner of the making of said affidavit: "That the said William I. Sutton and one Richard M. Crouch came to the office of this defendant, in the city of Lebanon, Boone county, State of Indiana, in the early part of the month of September, 1877, when it was agreed that the said William I. Sutton should return and make an affidavit for and on behalf of Jacob L. Green, for a change of venue in a cause then pending in the Boone Circuit Court, wherein the Patrons of Husbandry were plaintiffs, and Jacob L. Green

was defendant; that the said William I. Sutton did return to the office of this affiant a few days thereafter, when this affiant wrote the affidavit," etc.

He also produced the affidavits of others.

1. That of Nathaniel C. Titus, in which he swore that he was in said Walls' office, in the forepart of September, 1877, when said Crouch and Sutton were there, and talking about a change of venue in the case of said Green, at the suit of the Patrons of Husbandry, and that it was then and there "agreed by Walls and Sutton, that Sutton was to come back in time and make the affidavit. Crouch and Sutton then left the room together. * That, in two or three days afterward, he was present again in the office of Mr. Walls, when Mr. Sutton came again into the office and asked Walls if he had that affidavit ready. Walls said no, but he could soon write it." He then wrote it, read it to Sutton, who said it was right, and told Walls to sign it, Sutton touching the pen while he did so; and then Walls swore Sutton to it, and affixed his certificate. Walls then asked Sutton for money to pay the costs; Sutton gave it to him; don't know how much; and Walls then picked up the papers and started for the court-house.

The above affidavit is not in harmony with the testimony of Walls.

2. That of Ira Alexander, in which he swore that, in the latter part of November, or forepart of December, 1877, he was present in Walls' office, when Sutton admitted that he made the affidavit in question.

The present case was tried March 8th and 9th, 1878.

Counter affidavits on the motion for a new trial were filed:

1. That of Sutton, denying that he made the affidavit for a change of venue.

2. Denying that he made the statements sworn to by Alexander.

3. That of Richard M. Crouch, in denial of the threats

sworn to by Walls, in his affidavit for the new trial, and other charges sworn to by said Walls.

4. That of Joseph Flannigan to the same effect.

These counter affidavits were admitted and used without objection. We think no case for a new trial is made on the grounds of surprise and newly-discovered evidence. This proceeding was commenced on the 4th of February, 1878, and was not tried till the 8th of March following, thus giving the appellant over a month to look after testimony.

Surprise, as a ground for a new trial, must be such as ordinary prudence could not have guarded against. 2 R. S. 1876, p. 180. It requires no argument to show that the appellant could have guarded against being surprised by the testimony of Sutton, by calling on him during the month before the trial, and learning what his testimony would be touching the fact of the making of the affidavit.

Newly-discovered evidence, after the trial, is not a ground for a new trial, unless due diligence failed to discover it before the trial. 2 R. S. 1876, p. 181. Here, no diligence was used ; while the witnesses, expected to give the newly-discovered evidence, were the neighbors of the appellant ; Mr. Titus, the principal one, being, it would seem, in the habit of visiting at the appellant's office, was in it at both the times it is claimed that Sutton was there about the change of venue, and when he says Sutton made the affidavit, which had occurred, according to appellant's statement, only about four months previous to the commencement of this prosecution, while the subject had been matter of general comment in the mean time. See, as to the character of newly-discovered evidence, 2 R. S. 1876, p. 181. As we have said, no diligence was shown.

The second and third grounds of the motion for a new trial were, that the court erred in its instructions as to the burden of proof.

We may here remark, that the statute requires the wrongful act of the attorney, for which he may be disbarred, to be wilfully (intentionally) done, but not corruptly; and a charge, made and proved, that is within the statute, is sufficient. 2 R. S. 1876, p. 307.

The court did not err in its instructions to the jury. If the evidence and admissions made a *prima facie* case against the appellant, the burden of overthrowing such *prima facie* case was upon said appellant. We think such *prima facie* case was presented, hypothetically, to the jury, in the instructions of the court. If the party committed the wrongful acts, the presumption would be, nothing showing the contrary, that he did so wilfully, intentionally and purposely. A person generally acts in obedience to his will. In 1 Greenleaf Evidence, p. 93, note 2, in the chapter "Of the Burden of Proof," we find the following:

"In general, where the plaintiff makes out a *prima facie* case, although the burden always remains on him to support his case, yet this *prima facie* case supports it, and becomes conclusive unless met and controlled by the defendant; and, while the burden of proof does not strictly shift, but still remains with the plaintiff upon the facts he alleges, yet he may stand upon his *prima facie* case, and the defendant must take up the *onus* of controlling it, and this burden is upon him. *Burnham* v. *Allen*, 1 Gray (Mass.), 500; *Caldwell* v. *N. J. St. Nav. Co.*, 47 N. Y. 290; *Eaton* v. *Alger, Id.* 51 [351?]." *Wilder* v. *Cowles*, 100 Mass. 487.

The remaining ground for a new trial was, that the verdict was contrary to law and the evidence.

We think the verdict was sustained by the evidence, and was not contrary to law.

There was no error in overruling the motion in arrest.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.