## Ex Parte Trippe.

ATTORNEY.—*Disbarment of.—Proceeding must Comply with Statute.—Appeal.—Assignment of Error.—Practice.*—A proceeding to disbar an attorney must conform to the requirements of section 780 of the code, 2 R. S.

1876, p. 308. A summary order, made by the court upon its own motion, against a person, impliedly recognizing him as an attorney, prohibiting and debarring him from practising as an attorney at the bar of such court, without any compliance with said section 780, is void, and an appeal will lie therefrom, and objection to such proceeding can be properly taken by assigning error upon the transcript of it, in the Supreme Court.

SAME.—*Presumption that Practising Attorney has been Licensed.*—Where a person has been in fact practising as an attorney, he will be presumed, the contrary not appearing, to have been licensed to practise.

From the LaPorte Circuit Court.

*S. L. Trippe*, for appellant.

*J. Bradley*, for appellee.

PERKINS, J.—Article 45 of the code, 2 R. S. 1876, p. 302, contains the law of this State touching the duties of attorneys at law, their powers, liabilities, mode of their suspension from practice, etc. Section 771 of said article prescribes the duties of an attorney, thus:

" *First.* To support the constitution and laws of the United States and of this State.

" *Second.* To maintain the respect that is due to the courts of justice and judicial officers.

" *Third.* To counsel or maintain such actions, proceedings or defences, only, as appear to him legal and just; but this section shall not be construed to prevent the defence of a person charged with a crime, in any case.

" *Fourth.* To employ, for the purpose of maintaining the causes confided to him, such means, only, as are consistent with truth, and never seek to mislead the court or jury by any artifice or false statement of fact or law.

" *Fifth.* To maintain inviolate the confidence, and at every peril to himself, to preserve the secrets of his clients.

" *Sixth.* To abstain from all offensive personality, and to advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which he is charged.

" *Seventh.* Not to encourage the commencement or the continuance of an action or proceeding from any motive of passion or interest.

" *Eighth.* Never to reject, from any consideration personal to himself, the cause of the defenceless or oppressed."

Sections 777, 778 and 779 of the code, forming a part of said article, enumerate the causes for which an attorney may be disbarred or suspended from practice, one of which is " a wilful violation of any of the duties of an attorney, as hereinbefore prescribed."

Sections 780 and 781 regulate the proceedings for the removal or suspension of an attorney. Section 780 enacts that :

" The proceedings to remove or suspend an attorney may be commenced by the direction of the court, or on motion of an individual. In the former case, the court must direct some attorney to draw up and prosecute the accusation ; in the latter case it may be drawn up by any person, and sworn to by the person making it. Such accusation may be filed in any court in which the attorney practises, and after five days' notice of the filing, the attorney shall be bound to appear and plead to the same, or suffer judgment by default. If he appear, pleadings may be filed and trial had as in other cases."

Section 781 relates to appeals, etc., in such cases. See *Ex Parte Walls*, 45 Ind. 461.

There are other provisions authorizing courts to punish contempts,—proceedings different from those of debarring from practice. 2 R. S. 1876, pp. 2 and 8, and notes ; *Whittem* v. *The State*, 36 Ind. 196.

In the case at bar, the following is the record of the entire proceeding in the removal of Mr. Trippe. No accusation was filed, and of course no notice of such filing was given. The court proceeded summarily, upon its own motion, and made the following order :

" It is hereby ordered by the court, that S. L. Trippe be, and he is hereby, prohibited and debarred from practising as an attorney at the bar of this court; and the clerk of this court is hereby ordered to refuse to issue process on complaints or other papers filed by, and upon which the name of the said Trippe appears as attorney; and to disregard all orders and *præcipes* emanating from him; and to refuse to file any papers offered to be filed by him in the office of the clerk of this court, as an attorney; the said Trippe being debarred not to be a member of the bar of this court, and is hereby prohibited from practising therein; and that said Trippe be not allowed to take from the files in the office of the clerk of this court any books or papers belonging to said office."

The clerk of said court duly certifies under the seal of said court, " that the above and foregoing is a full, true and complete copy of all the orders, papers, judgment and proceedings of said court in the said matter of S. L. Trippe, *ex parte*, as the same appears of record in my office." In witness, etc., at LaPorte, on this 20th day of May, A. D. 1879.

Signed, " Charles Spratt, Clerk LaPorte Circuit Court, by M. D. Farrand, deputy."

The transcript of the record was filed in this court on the 21st of May, 1879, and the following assignment of errors made thereon under the title of the cause.

" Sylvanus L. Trippe, the appellant, says that there is manifest error in the judgment and proceedings in this case, in this, to wit:

" 1.   That the court erred in making the order without notice to the appellant;

" 2.   That the court erred in making such order and judgment, without any complaint or charge having been filed against said appellant;

" 3.   That the court erred in rendering a judgment sus-

pending appellant from practice in a court of record, without first granting him a trial as provided for by law';

" 4. That the court erred in making an *ex parte* order, without showing affirmatively some cause for such order;

" 5. That the court had no jurisdiction of the appellant, and had no power to enter such order and judgment. For which errors the appellant prays that said judgment and order may be in all things reversed and set aside.

" SYLVANUS L. TRIPPE, Appellant."

A supersedeas was granted, and issued in the cause.

This was a proceeding disbarring an attorney, simply, and should have conformed to the requirements of the statute above quoted. *Ex Parte Smith*, 28 Ind. 47, is in point.

At common law, an attorney was an officer of the court, and the court possessed inherent power to strike his name from the roll of attorneys. Weeks Attorneys, p. 140.

The proceeding had in this case was erroneous, and so appears upon its face. Objections to it could be properly taken, by assigning error upon the transcript of it in this court; especially, as the said order prohibited the clerk below from filing any paper offered for filing by said Trippe.

The judgment is reversed, and set aside for naught; all which is ordered to be certified, etc.

The foregoing decision was rendered on the 31st of May last. A petition for a rehearing was granted. The case was re-submitted to the court on the 17th of July last, on a motion to dismiss, on the part of the circuit court. The motion was made upon the theory that it did not appear that Trippe was an attorney, admitted as such; but that the court, suspecting him of an intention to try to practise as such, without being admitted so to do, made the order, as a precautionary measure, stating, however, no ground of suspicion; that, hence, Trippe was not in-

jured, and no case existed for an appeal. But we think the order was clearly made against Trippe as a practising attorney of the court, and impliedly admits that he was such. The order states that he is debarred from practising as an attorney at the bar of that court; and that the clerk of the court is ordered to refuse to issue process on complaints filed by him, and on which his name appears, and to refuse to file any further papers offered by him for filing in the future, admitting by implication that he had been filing them in the past, and that he be not allowed to take from the clerk's office books and papers, etc., the said Trippe being declared not to be any longer a member of the bar of this court. Such we understand to be the purport of the order. Was there any need of such an order as this upon the clerk, if Trippe had not before been in the habit of filing papers, and having process issued upon them, as an attorney, and taking books and papers from the office, like other attorneys? The matter is too plain to require argument. But, if it is not, equivocal *ex parte* proceedings are not to be favored in such cases. Further, if he had been, in fact, practising, he will be presumed, the contrary not appearing, to have been licensed to do so. The order, then, having been issued against Trippe as an attorney of the court, was void. The appeal must be sustained, and the cause again decided on its merits.

We reaffirm the former decision in the cause, reversing the judgment below.