---

## *In re* WALL.

*(Circuit Court, S. D. Florida. March, 1882.)*

1. ATTORNEY AT LAW—DISBARRING.

An attorney may be disbarred for participation in an unlawful, tumultuous, and riotous gathering, and advising, encouraging thereto, and taking from the jail therewith and hanging a prisoner, although no complaint under oath has been filed against him; and he would be liable for the offense charged against him by indictment in the state court, though no such indictment has as yet been found.

2. SAME.

An attorney is an officer of the court, admitted to practice under its rules, amenable to it, and liable to have such relations sundered upon satisfactory evidence of dishonest professional conduct, habits of general immorality, or any such single act of crime or vice as may show him unfitted for the trusts and confidence reposed in him as such attorney.

3. SAME—NOTICE OF CHARGES.

While an attorney is entitled to notice of the charges preferred against him, and an opportunity to answer before being disbarred, such notice is sufficient if it clearly intimates the misconduct with which he is charged.

LOCKE, D. J.   It has been charged that the defendant, J. B. Wall, an attorney of this court, did, with an unlawful, tumultous, and riotous gathering, he advising and encouraging thereto, take from the jail of this county and hang a man, to the court known only as John. To this charge he has filed an answer, demurring to the action of the court because—*First,* no complaint under oath has been filed; and, *secondly,* because he has been charged with an indictable offense, of which this court has no jurisdiction before indictment and conviction; and denying that he counseled, advised, encouraged, or incited an unlawful, tumultuous, and riotous gathering or mob to take one John from the jail and cause his death by hanging.   The offense in which Mr. Wall is charged to have participated came to the personal knowledge of the court.   As the judge was leaving the court-house for dinner, a prisoner was brought into the yard in custody of officers. Upon his return in the afternoon the dead body of the same person hung in a tree directly in front of the court-house door.   No legal execution had taken place.   The evidence shows that a person, whose name has not appeared, was taken from the jail, and, in the immediate vicinity of the court-house, hung to the limb of a tree; that said J. B. Wall was present, went with several others to the sheriff's house, returned thence to the jail, where they took therefrom the prisoner; that he walked in immediate proximity to him in going to the tree, so along beside him that the witness thinks he had hold of him, and was then lost to sight in the crowd until after the man was hanged.

This is an action to determine the right of an attorney to retain his position as an officer of this court, and as such is instituted by it for its own protection, and the preservation of its integrity through the characters of its officers, and does not require the intervention of a third party by affidavit or otherwise.

No court is bound to await the complaint of a third party before investigating any matter touching misconduct of its officers, when information considered sufficient is received, and the circumstances demand its interposition.   *Randall* v. *Brigham,* 7 Wall. 540.

An attorney is an officer of the court admitted to practice under its rules, amenable to it, and liable to have such relations sundered upon satisfactory evidence of dishonest professional conduct, habits of general immorality, or any such single act of crime or vice as may show him unfitted for the trusts and confidence reposed in him as such.   *Percy's Case,* 36 N. Y. 651; Hawk. P. C. 212; *Bryant's Case,* 24 N. H. 155; *Ex parte Brownsal,* 2 Cowper, 829; 12 Geo. I. *c.* 29; 4 Henry IV. *c.* 18; *Case of Austin,* 5 Rawle, 204; *McLaughlin* v. *Dist.*

*Court*, 5 Watts & S. 272; *Dickens' Case*, 67 Pa. St. 169; *Mill's Case*, 1 Mich. 392; *Potter's Case*, H. 26 G. 3 K. B.  He has a right to an opportunity to appear and answer in his own behalf before a final judgment against him; but any notice, rule, or summons does not require the technical nicety in its allegations, nor the exactness of proof, of a criminal proceeding.  *Sanborn* v. *Kimball*, 64 Me. 140; *Leigh's Case*, 1 Munf. 481.

It is sufficient if the grounds are so set out as to give him knowledge of the matter with which he is charged, so that he may not be misled, and the true facts ascertained upon such investigation may be considered and decided upon.  *Randall* v. *Brigham, supra*.  It is true that the English courts have in some instances declined to take summary action against attorneys for indictable offenses unless conviction has first been had, but such practice seems to have been considered as within the discretion of the court at the time and not as a rule.  Lord Denman remarks, in 3 Nev. & P. 389: "Would not an indictment for perjury lie upon these facts?  We are not in the habit of interfering in such a case, unless there is something amounting to an admission on the part of the attorney which would render the interposition of a jury unnecessary."  Also, in 5 Barn. & Ald. 1088, he remarks: "It is not usual to grant the rule if an indictable offense is charged."  Yet, notwithstanding a conviction, the question of guilt or innocence seems to have been deemed within the discretion of the court, as in Dowl. P. C. 110, although verdict had been found against the defendant, the judges still considered there might have been some doubt and refused the rule; and in *King* v. *Southerton*, 6 East, 127, nothwithstanding the defense was urged that the defendant had been convicted of an offense not cognizable by law, Lord Ellenborough remarked that "enough appeared to satisfy the court that the defendant was an improper person to remain an attorney."

While such may have been the practice in the courts of England, it has not been accepted by American courts; *Anon.* N. J. Law, 163, being the only case found when judgment has been refused on that ground.  On the contrary, in *Re Hirst & Ingersoll*, 9 Phila. 216, although the court, in the motion to disbar, say that "the offense charged—subornation of perjury and conspiracy against justice—is within reach of an indictment," they make the rule absolute dismissing one party and suspending the other during the existence of the court.

In *Smith* v. *State*, 1 Yerger, 228, the information was exhibited by one of the judges of the circuit, and although it was alleged that an indictment had been found in a foreign state, no trial nor conviction had been had, and the court remarks:

"Law, administered in the usual form, is tardy, and any course short of special ministration would lose much of its beneficial effects. The mazy round of special pleadings, miscarriages before juries, and delays incident, afford a labyrinth for the wily to take shelter, if not escape; therefore, it is not deemed prudent to allow one so charged the right to demand forms of trial directly calculated to defeat the end."

In *Fields' Case*, 1 Martin & Y. 168, where the power of courts to remove their officers was under consideration, the court says:

"By change of venue and writs of error the criminal could easily have kept off the punishment for two years, and by this means put himself above the law, if the court had not the power of removal. The conviction, when produced, would only be evidence of the facts alleged, and these facts the court have for this purpose as much right to inquire into as the jury." "In this country it would most probably be unconstitutional to inflict punishment upon the person of the offender otherwise than by conviction upon indictment. But the removal from office being a civil proceeding not affecting the person, and being no bar to an indictment for the same offense. the finding of a jury is not necessary to authorize the court to remove."

The supreme court of New Hampshire, in *Delano's Case*, 58 N. H. 5, take a similar view of the law by disbarring an attorney for an indictible offense without conviction.

In this action against Mr. Wall this court unquestionably has jurisdiction, but in a criminal prosecution it has none.

Can it be argued that it is then compelled to wait in its action for the movement of a foreign tribunal, and that it is helpless as against the local inactivity, neglect, or prejudice of the prosecuting officers or jurors of any one county of the district? Such a view of the law cannot be accepted, and so much of the answer as demurs to this action must be overruled.

The only question remaining to decide is whether a person guilty of presence and participation, under the circumstances, and on such an occasion, shall retain his position as attorney of this court or not. If he had been there in any other capacity than either principal, or aider and abettor, it was within his power to show it; but this he has not attempted to do, and the necessary presumption is of his active participation.

The slight difference between the language of the rule and that of the evidence is of no importance in this matter, if the evidence shows ground for judgment. The gist of the action is not the death of a certain individual as described by name, but the conduct of Mr. Wall on an occasion and in a certain matter to which I consider his attention has been sufficiently called. He was in an unlawful gathering, as it was resisting the protestations of the sheriff and mayor, although it may not have been tumultuous. He denies having been encouraging or advising at the time charged. I am too well aware of his influence in this community not to know that his presence would be ample encouragement to others on such an occasion. It is not alone by words that one advises and encourages, and the fact of his presence and action is sufficient not only to find an encouraging thereby, but raise a presumption on his doing the same by words.

The duty of an attorney is not alone to deport himself as such in his professional relations, but so to demean himself in all things. For an officer of a court to bear about with him two characters, that of a supporter of the law, as a lawyer, and an open violator and contemner of it outside his professional duties, as a man, is utterly inconsistent with the dignity of his position, and of the court that bestows the same upon him.

The facts proven show that the transaction was not an ordinary crime, but a combination to lynch a prisoner, and in this, it is presumed, is the only explanation, though it makes a party none the less liable; the legal responsibility is the same, as is well known to any lawyer.

It is true that Mr. Wall alone, of the many shown to have been engaged, has been called upon to answer, but this has not been that others may not have been fully as culpable, or from personal feeling, or inclination, or disinclination. This court claims no jurisdiction over the crime committed, nor is it seeking to inflict a penalty for its commission; but it is compelled to protect itself against those who appear as open violators, or regardless of the law which it is their duty to support and defend, and he alone of the many has been found amenable to its jurisdiction.

Lynch law, stripped of all the sophistries with which it is surrounded by the ingenuity of its supporters, is, in its plain, naked self, not only a violation of the law, but an attack upon, and a flaunting insult to, its courts and officers. It is an open expression, by those indulging in its execution, of distrust in the law, and an accusation

of inefficiency against the sheriffs, jurors, and courts having the criminal and the crime in charge. Are we—is the world—to understand, in this case, that this community distrusts the capacity of the sheriff to keep a criminal in his charge, or the willingness and ability of the state attorney to prosecute crimes? Does it impeach the jurors of this county of honesty in dealing with criminals given them to try, and the court of inefficiency in dealing with cases presented to it?

Lynch law either does this, or it is simply and undisguisedly a giving way to passion and revenge, and a gratification of those barbaric feelings which, more or less latent, exist in man, and which are bound to be controlled either by the individual himself or by the law.

The injury to a community by such is apparent. It tells of a weakness of legal authority, or a strength of willful passion that no one desires to encounter, much less be surrounded with, and the recklessness of a few ends in the injury of all.

Reckless passion in one direction begets reckless passion in another, and from a violation of law in taking the life of a prisoner, an easy approach is afforded to a violation of law in taking the life of a neighbor or a friend upon the slightest provocation.

Sections of our state are spotted with the graves of citizens sacrificed to this reckless disregard of human life in violation of law.

If any possible excuse might be offered for mob or lynch law by a layman or ordinary citizen, there can be none for one in the position of an attorney; and while I accept the representation that in whatever was done there was no intentional disrespect to the court, yet the presence of an attorney at such a time and under such circumstances can only be accounted for upon the theory of either a willful violation or an impulsive forgetfulness of his duty as such.

Nothing, in my opinion, could seem more abhorrent to a lawyer, with such a respect for law as his profession should imply, than the engaging in any such lawless outrage.

In the case of *Smith* v. *State*, 1 Yerger, 228, where the charge was accepting a challenge and killing an adversary in a duel, the court use the following language:

"By the laws of God, the laws of England from the days of Edward, by the laws of Kentucky and Tennessee and every civilized land, he is declared to have been guilty of wicked and malicious murder, and a felon escaping justice. Is it possible that any well-balanced mind can for a moment believe that a man whom the law thus condemns is a fit person to be an aider and adviser in the

sanctuaries of justice. We are told that it is but an honorable homicide. The law knows it to be a wicked and willful murder, and it is our duty to treat it as such."

Can language more fitting to the case under consideration be found?

I believe it the duty of every good citizen, and especially of the courts and all officers of the law, to denounce and condemn such acts of lawlessness until they cease, and every one feels that legitimate power is sufficient for protection. For the honor of this court and the profession, as well as for Mr. Wall's sake, I would gladly declare that there had not been found against him reason for enforcing an order of court, but the proofs of a presence and participation in this act of lawless violence are too direct and positive to be ignored.

This court cannot shield itself behind a defense of minor technicalities, either of allegation or evidence, without proving recreant to the trusts reposed in it, and it is ordered that J. B. Wall be prohibited from practicing at the bar of this court until further order herein.

## NOTE.

SUSPENSION AND DISBARMENT OF ATTORNEY. The power of the court to admit an attorney implies the power to strike off his name from the roll, (*People* v. *Goodrich*, 79 Ill. 148;) and the court may either suspend or expel. (*Ex parte Burr*, 2 Cranch, C. C. 379.) Such power, in a summary manner, should be exercised with great caution. *Rice* v. *Com.* 18 B. Mon. 472. Under the Illinois statute the circuit court can only suspend; the power to disbar is vested in the supreme court. *Winkelman* v. *People*, 50 Ill. 449. An attorney is an officer of the court, and may be removed for misconduct after opportunity to be heard. *Penobscot Bar* v. *Kimball*, 64 Me. 140. Any court of record having jurisdiction may suspend an attorney for causes specified in the statute. *Mattler* v. *Schaffner*, 53 Ind. 245. Where the statute prescribes the causes, courts cannot debar for causes not therein specified, (*Ex parte Smith*, 28 Ind. 47; see *Redman* v. *State*, Id. 205;) but in Michigan the court may suspend or remove attorneys for other causes than those specified in the statute, (*Matter of Mills*, 1 Mich. 392.) The application to strike the name of an attorney from the rolls should be denied where the evidence is conflicting as to whether he received the information which he disclosed, and which was alleged as misconduct. *People* v. *Schufeldt*, 56 Ill. 299. An order to suspend or remove for contempt should not be made unless the offense is of a gross or serious nature, (*Watson* v. *Citizens' Sav. Bank*, 5 S. C. 159;) and the matter must be established before the rule is issued, (*State* v. *Kirk*, 12 Fla. 278;) and the rule must be served on the party, (Id.) The precise cause must appear in the order for suspension. *State* v. *Watkins*, 3 Mo. 338. An order of a territorial supreme court cannot be vacated by *mandamus* from the United States supreme court. *Ex parte Secombe*, 19 How. 9. The authority of the supreme court will not be exercised unless the conduct of the court below was irregular or flagrantly improper. *Ex parte Burr*, 9 Wheat. 529. The district court

has no authority to disbar an attorney admitted in the supreme court; and *mandamus* will issue to restore him. *People* v. *Turner*, 1 Cal. 190. See *People* v. *Justices*, 1 Johns. Cas. 181. In Indiana an appeal is given by statute, but such appeal will not authorize the attorney to do anything which he is forbidden to do by such judgment. *Walls* v. *Palmer*, 64 Ind. 493. The appellate court should not refuse to review the decision, although it will not reverse unless a plain case is shown. *Matter of Wool*, 36 Mich. 299.

GROUNDS FOR DISBARRING. An attorney may be suspended or disbarred for any matter showing his unfitness to practice in the courts, whether it be a criminal offense or creates a civil liability or not. *Ex parte Cole*, 1 McCrary, 405. The circuit court has inherent power to disbar an attorney for an assault upon the judge thereof, on notice to such attorney, and opportunity to be heard in his defense. *Beene* v. *State*, 22 Ark. 149; *Ex parte Heyfron*, 8 Miss. 127; *Saxton* v. *Stowell*, 11 Paige, 526. Unprofessional or disrespectful conduct, though amounting to contempt, will not justify disbarring him, (*Withers* v. *State*, 36 Ala. 252;) but an attorney who obtains a change of venue by means of an affidavit forged by him may be disbarred, (*Ex parte Walls*, 64 Ind. 461.) So for violation of his official oath by not conducting himself in his office with fidelity to his client. *Strout* v. *Proctor*, 71 Me. 288. Collusion by a husband's attorney with the wife, to manufacture deceptive evidence to enable the husband to procure a divorce, is professional misconduct. *In re Gale*, 75 N. Y. 526. Advertising to procure divorces without compliance with the requisites of the law is a ground for striking his name off the roll. (*People* v. *Goodrich*, 79 Ill. 148;) so where the attorney substituted the name of his client for his own in an affidavit to procure alimony, his name was stricken from the roll, (*People* v. *Leary*, 84 Ill. 190.) Taking legal papers from the files of the court must be stated with sufficient particularity to enable accused to make his defense. *People* v. *Allison*, 68 Ill. 151. Erasing the word " not " in a letter from a judge advising another judge to allow bail for one indicted for murder is a ground, (*Baker* v. *Com.* 10 Bush, 502;) so for withholding from his client and his client's administrator money collected by him, (*People* v. *Cole*, 84 Ill. 327; *Kepler* v. *Klingensmith*, 50 Ind. 434; S. C. 41 Ind. 341;) or for refusal to pay over money to client, (*People* v. *Palmer*, 61 Ill. 255.) The institution of proceedings by one attorney from improper motives, and without just grounds to disbar another, is misconduct. *Matter of Kelly*, 62 N. Y. 198. On being convicted of a felony an attorney loses his right to practice in court without an order of the supreme court removing him. *Matter of Niles*, 5 Daly, 465. He may be disbarred for the bribery of a witness, (*Walker* v. *State*, 4 W. Va. 749;) or for a false oath taken, or any unprofessional statement made without a prior conviction for perjury, (*Perry* v. *State*, 3 Iowa, 550;) or for any fraudulent conduct, although not so gross as to be criminal; (*U. S.* v. *Porter*, 2 Cranch, C. C. 60;) or for obtaining money by false pretenses in matters intrusted to him, (*People* v. *Ford*, 54 Ill. 520.) The offense need not be such as to subject him to indictment, but its character must be such as shows him unfit to be intrusted with the powers of the profession. *Baker* v. *Com.* 10 Bush, 592. Discreditable acts, if not connected with his duties, will not give the court jurisdiction, (*Dickens' Case*, 67 Pa. St. 169;) as attempting to make an opposite attorney drunk, (Id.)

Indulgence in vices not affecting his personal or professional integrity is not sufficient ground. *Baker* v. *Com.* 10 Bush, 592. So, ignorance of the law is not a good cause. *Bryant's Case*, 24 N. H. 149. An attorney cannot be disbarred for refusing in presence of the court to make answer in writing to a rule, upon the ground of punishing the refusal as a contempt. *Ex parte Robinson*, 19 Wall. 505. Contempt of process and refusal to appear before an examiner is not sufficient ground, (*Com.* v. *Newton*, 1 Grant, Cas. 453;) but a threat of personal chastisement, made to a judge out of court, is ground for striking his name off the rolls, (*Bradley* v. *Fisher*, 13 Wall. 335.) Contempt and gross misbehavior in office generally are distinct offenses. *Ex parte Bradley*, 7 Wall. 364.

PROCEEDINGS TO DISBAR. Proceedings to disbar for commission of a criminal act may precede criminal prosecution therefor. *Ex parte Walls*, 64 Ind. 461. *Watson* v. *Citizens' Sav. Bank*, 5 S. C. 159. The North Carolina statute requires a prior conviction upon an indictment and verdict, and it takes away the common-law power to strike from the rolls. *Kane* v. *Haywood*, 66 N. C. 1. See *Ex parte Schenck*, 65 N. C. 358. Such proceedings are designed to afford a remedy to the creditor to collect the money from the attorney. *Matter of Browne*, 2 Col. T. 553. An attorney's license cannot be suspended except on accusation and notice and a day in court. *State* v. *Start*, 7 Iowa, 499. An order to show cause is the improved mode of procedure. *In re Percy*, 36 N. Y. 651. In a summary proceeding for malpractice the fact must be known to the court by having occurred in its presence. *Walker* v. *Com.* 8 Bush, 86. In case of malpractice out of the presence of the court, the proceeding is by complaint or information made on oath. *Walker* v. *Com.* 8 Bush, 86. For any other misconduct than contempt he can only be held on specific charges, and he is entitled to a full defense and an appeal. *Dickenson* v. *Dustin*, 21 Mich. 561; *Matter of Mills*, 1 Mich. 392. The court must order an information against him and inflict the punishment, on the plea of guilty, found on such information. *Fisher's Case*, 6 Leigh, 619. An order to show cause why he should not be struck from the rolls may be based on a decree against him on a charge of fraud or gross abuse of confidence, or it may be incorporated in the decree itself. *Matter of Wool*, 36 Mich. 299; *In re Percy*, 36 N. Y. 651. In analogy to the limitation of prosecutions for misdemeanors there must be a limit to the time for filing informations against attorneys. *People* v. *Allison*, 68 Ill. 151. In proceedings to disbar on the ground of fraudulently procuring admission, defendant is entitled to a change of venue if the judge is prejudiced. *Matter of Peyton*, 12 Kan. 398. A proceeding upon charges preferred by a private prosecutor is a special proceeding, wherein a change of venue for prejudice of the judge may be granted. *State* v. *Clarke*, 46 Iowa, 155. Proceedings to strike an attorney from the roll for alleged fraud is a *quasi* criminal case and no appeal lies from the judgment, (*State* v. *Tunstall*, 51 Tex. 81;) but an appeal lies from a summary order, issued without compliance with the statute, (*Ex parte Trippe*, 66 Ind. 531; see *Thomas* v. *State*, 58 Ala. 365.) The charge should be clearly supported by the evidence. *Matter of* ————, 1 Hun, 321. The grounds of complaint must be brought to the notice of the supreme court at general term, in the first instance, which will direct an investigation and a motion if deemed proper. *Matter of Brewster*, 19 N. Y.

Supr. Ct. 109. For malpractice the case should be free from doubt. *People* v. *Harvey*, 41 Ill. 277. Notice of grounds of complaint and an opportunity to be heard must be given to the accused. *Ex parte Robinson*, 19 Wall. 505. Where motion is made to suspend and issue joined, defendant is entitled to a trial by jury. *Reilly* v. *Cavanaugh*, 32 Ind. 214. In such proceedings, where the charges are denied, the common-law rules of evidence apply. *In re Eldridge*, 82 N. Y. 161. For fraudulently misleading his client, there must be proof of the fraud tending to mislead. *Barker's Case*, 49 N. H. 195.—[ED.